1  HARRISON J. FRAHN IV (SBN 206822)
   hfrahn@stblaw.com
2  GAUTAM V. KENE (SBN 264166)
   gkene@stblaw.com
3  SIMPSON THACHER & BARTLETT LLP
   2550 Hanover Street
4  Palo Alto, California 94304
   Tel. (650) 251-5000
5  Fax (650) 251-5002

6  BRIAN P. McCLOSKEY (*pro hac vice*)
   bmccloskey@stblaw.com
7  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
8  New York, New York 10017-3954
   Tel. (212) 455-2000
9  Fax (212) 455-2502

10 *Attorneys for Plaintiff*
   *SAP America, Inc.*
11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15

16 SAP AMERICA, INC.,                    Case No. 4:11-cv-04601-PJH

17              Plaintiff,               **FIRST AMENDED COMPLAINT FOR**
                                         **DECLARATORY RELIEF**
        vs.
18                                       **DEMAND FOR JURY TRIAL**
   PURPLE LEAF, LLC, a Delaware
19 corporation, PURPLE LEAF, LLC, a
   Texas corporation, and RANI YADAV-
20 RANJAN, an individual,

21              Defendants.

22

23        Plaintiff SAP America, Inc. ("SAP") herby asserts the following claims against Defendant

24 Purple Leaf, LLC, a Delaware limited liability company ("Purple Leaf Delaware"), Defendant

25 Purple Leaf, LLC, a Texas limited liability company ("Purple Leaf Texas"), and Defendant Rani

26 Yadav-Ranjan ("Yadav-Ranjan") (collectively, "Defendants") and alleges as follows:

27

28

FIRST AMENDED COMPLAINT FOR                          Case No. 4:11-cv-04601-PJH
DECLARATORY RELIEF

1 **NATURE OF THE ACTION**

2     1.     This is a declaratory judgment action arising under the Declaratory Judgment Act,

3 28 U.S.C. § 2201, *et seq.* and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* SAP

4 seeks a declaration of non-infringement and invalidity of U.S. Patent No. 7,603,311 B1 (the "'311

5 Patent") and U.S. Patent 8,027,913 B1 (the "'913 Patent" and together with the '311 Patent, the

6 "Patents-In-Suit"), and a determination of Defendants' alleged ownership rights and standing to

7 sue regarding the '311 Patent. True and correct copies of the '311 Patent and the '913 Patent are

8 attached hereto as Exhibits A and B, respectively.

9 **THE PARTIES**

10     2.     Plaintiff SAP is a corporation duly organized and existing under the laws of the

11 State of Delaware with its principal place of business at 3999 West Chester Pike, Newtown

12 Square, PA 19073. SAP has significant operations and personnel in this judicial district at its

13 Palo Alto campus, which is headquartered at 3410 Hillview Avenue, Palo Alto, California 94304.

14     3.     Defendant Purple Leaf Delaware is a limited liability company organized and

15 existing under the laws of Delaware. On information and belief, Defendant Purple Leaf

16 Delaware's business address is 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

17 On information and belief, Defendant Purple Leaf Delaware is solely managed, operated, and was

18 founded by Rani Yadav-Ranjan of San Jose, California.

19     4.     Defendant Purple Leaf Texas is a limited liability company organized and existing

20 under the laws of Texas. Until October 24, 2011, Defendant Purple Leaf Texas claimed its

21 business address to be located at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093. On

22 August 15, 2011, the Ferguson Law Group, which is located at 2500 Dallas Parkway, Suite 260,

23 Plano Texas, reported to the Secretary of State for the State of Texas that Purple Leaf Texas does

24 not maintain an office at this address and is not affiliated with the Ferguson Law Group. On

25 October 24, 2011, Purple Leaf Texas filed a Statement of Change of Registered Office/Agent

26 with the Secretary of State for the State of Texas, changing its registered agent address and

27 registered office address to Three Galleria Tower, 13155 Noel Road, Ste 900, Dallas, Texas

28

1   75240.  On information and belief, Defendant Purple Leaf Texas is solely managed, operated, and

2   was founded by Rani Yadav-Ranjan of San Jose, California.

3          5.      On information and belief, Defendant Yadav-Ranjan is, and at all times relevant

4   was, an individual who resides at 18730 Vista De Almaden, San Jose, California.  On information

5   and belief, Purple Leaf Delaware and Purple Leaf Texas are alter egos of Defendant Yadav-

6   Ranjan.

7                   **JURISDICTION (Civil L.R. 3-5(a)) AND VENUE**

8          6.      This action arises under the patent laws of the United States, Title 35 of the United

9   States Code, with a specific remedy sought based upon the laws authorizing actions for

10   declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.  This Court

11   has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

12          7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400

13   because, on information and belief, Defendants Purple Leaf Delaware, Purple Leaf Texas, and

14   Yadav-Ranjan reside in this district pursuant to § 1391(c), a substantial part of the events, acts,

15   and/or omissions giving rise to the claims against Defendants occurred in this district and the

16   alleged infringing instrumentalities were developed and/or operated in this district.

17          8.      Defendant Purple Leaf Delaware is subject to personal jurisdiction in this judicial

18   district because, on information and belief, it has engaged in substantial business within this

19   forum amounting to sufficient minimum contacts, and has consented to personal jurisdiction in

20   this district by *inter alia* purposefully reaching into California by appearing in and filing a cross-

21   complaint in *Estakhri v. Yadav-Ranjan and Purple Leaf, LLC*, Case No. 1-10-CV-178576, in the

22   Superior Court of California, County of Santa Clara ("Santa Clara County Action") in an effort to

23   acquire the rights to the '311 Patent from Navigator Technology, Inc., a corporation with its

24   principal place of business in this district.  Defendant Purple Leaf Delaware is also subject to

25   personal jurisdiction in this district because, on information and belief, it is the alter ego of

26   Defendant Yadav-Ranjan, an individual who resides in this district.

27          9.      This Court has personal jurisdiction over Defendant Purple Leaf Texas because, on

28   information and belief, it has engaged in substantial business within this forum amounting to

1   sufficient minimum contacts, by *inter alia* purposefully reaching into California by auctioning
2   covenants not to sue for the '311 Patent through its auctioneer and agent ICAP Patent Brokerage,
3   LLC ("ICAP"). On August 10, 2011, ICAP issued a press release, which was picked up and
4   retransmitted by numerous media outlets and websites, announcing an "auction" of a covenant
5   not to sue under the '311 Patent. The auction for the covenant not to sue seeks bids from
6   companies or entities located throughout the United States, including companies located in
7   California and in this district. On information and belief, Purple Leaf Texas directed the press
8   release at least in part to SAP and other defendants it has sued in the Eastern District of Texas,
9   including Google, Inc. ("Google") and eBay Inc. ("eBay"), both of whom also maintain a
10  principal place of business in this district. The auction includes two covenants not to sue on the
11  '311 Patent, one designated for parties who have been sued by Purple Leaf Texas, including SAP,
12  and one designated for companies who are not in litigation. The press release states that the
13  auction permits a "litigation defendant" to purchase a covenant not to sue anonymously through
14  ICAP's auction process and thereby "provides defendants a unique opportunity to quickly and
15  efficiently eliminate the uncertainty inherent in litigation without compromising their defense
16  strategy in the event of an unsuccessful bid." On information and belief, Purple Leaf Texas,
17  through its agent ICAP, held its auction on the covenant not to sue on September 27, 2011 in Los
18  Angeles, California. SAP and its counsel received the press release and the invitation to bid.
19  Thereafter, Purple Leaf Texas, through its auctioneer and agent ICAP, offered to visit Palo Alto
20  to discuss the covenant not to sue. On September 8, 2011, Purple Leaf Texas, through its
21  auctioneer and agent ICAP, met with counsel for SAP in Palo Alto, California to discuss the
22  planned auction for the covenant not to sue. Purple Leaf Texas, through its auctioneer and agent
23  ICAP, provided SAP with a draft covenant not to sue for infringement of the '311 Patent. In
24  addition, on information and belief, Purple Leaf Texas, through its auctioneer and agent ICAP,
25  offered to visit and, on August 30, 2011, did visit the San Francisco offices of Google's counsel
26  to discuss the planned auction for the covenant not to sue. Thereafter, on information and belief,
27  Purple Leaf Texas, through its auctioneer and agent ICAP, provided counsel for Google with a
28  draft covenant not to sue for infringement of the '311 Patent. Purple Leaf Texas is also subject to

1    personal jurisdiction in this district because, on information and belief, it is the alter ego of

2    Defendant Yadav-Ranjan, an individual who resides in this district.

3          10.      This Court has personal jurisdiction over Defendant Yadav-Ranjan because, on

4    information and belief, Defendant Yadav-Ranjan resides in this district and has engaged in

5    continuous and systemic activities within this district, by *inter alia* residing in this District and

6    serving as an officer of multiple corporations with a principal place of business in this district.

7                     **INTRADISTRICT ASSIGNMENT (Civil L.R. 3-5(b))**

8          11.      Because this action is an Intellectual Property Action as specified in Civil L.R. 3-

9    2(c), it is to be assigned on a district-wide basis.

10                             **FACTS**

11      **Defendant Yadav-Ranjan's Assignment of the '311 Patent to Navigator**

12             ***The 2007 Intellectual Property Assignment Agreement***

13          12.      The patent application that issued as the '311 Patent was filed with the United

14    States Patent and Trademark Office ("USPTO") on November 25, 2000 as Application No.

15    09/721,728, naming Defendant Yadav-Ranjan as the sole inventor.

16          13.      On or about September 15, 2002, Defendant Yadav-Ranjan founded Navigator

17    Technology, Inc, (f/k/a Construction Navigator Inc.), a corporation that purports to provide

18    information about professional licensing for contractors in the United States. Navigator

19    Technology, Inc. was originally formed under the laws of the State of Delaware as Construction

20    Navigator, Inc. On or about May 6, 2009, Defendant Yadav-Ranjan signed and delivered or

21    caused to be delivered to the Delaware Secretary of State a Certificate of Amendment to the

22    Amended and Restated Certificate of Incorporation of Construction Navigator Inc. (the

23    "Certificate of Amendment"), which changed the name of Construction Navigator, Inc to

24    Navigator Technology, Inc.[1]

25          14.      Beginning in approximately June of 2007, Defendant Yadav-Ranjan approached

26

27

[1] Unless otherwise specified, Navigator Technology, Inc. and Construction Navigator, Inc. are
28    herein referred to as "Navigator."

1    potential investors about investing in Navigator.

2    15.    On or about September 18, 2007, to induce investments in Navigator, Defendant

3    Yadav-Ranjan entered into an Intellectual Property Assignment Agreement (the "2007

4    Assignment Agreement") with Navigator through which Defendant Yadav-Ranjan agreed to

5    assign all right, title, and interest to her intellectual property to Navigator.  A copy of the 2007

6    Assignment Agreement is attached hereto as Exhibit C.

7    16.    Specifically, Defendant Yadav-Ranjan and Navigator represented in the 2007

8    Assignment Agreement that "in order to induce such investors to invest in the [stock financing]

9    and in order to increase the value of [Defendant Yadav-Ranjan]'s equity holdings in [Navigator],

10   [Defendant Yadav-Ranjan] desires to transfer and assign all right title and interest in and to the

11   Technology, Intellectual Property and Registered Intellectual Property (each as defined below) to

12   Navigator."

13   17.    The 2007 Assignment Agreement provides that it is a "condition to the closing of

14   [the stock financing] that [Defendant Yadav-Ranjan] transfers and assigns all right and title and

15   interest in and to the Technology, Intellectual Property and Registered Intellectual property to

16   [Navigator]."

17   18.    The 2007 Assignment Agreement provides that "[Defendant Yadav-Ranjan]

18   hereby transfers and assigns to [Navigator] all right, title and interest in and to the Technology,

19   Intellectual Property and Registered Intellectual Property."  The 2007 Assignment Agreement

20   defines "Intellectual Property" to include U.S. patents and all "provisionals, continuations and

21   continuations-in-part thereof."

22   19.    The 2007 Assignment Agreement further provides that "Schedule B lists all

23   Registered Intellectual Property owned by, or filed in the name of, [Defendant Yadav-Ranjan].

24   Schedule B lists all Registered Intellectual Property that is transferred to [Navigator] by Founder

25   [Defendant Yadav-Ranjan], pursuant to this Agreement."

26   20.    The intellectual property set forth in Schedule B that was transferred by Defendant

27   Yadav-Ranjan to Navigator pursuant to the 2007 Assignment Agreement includes Patent

28   Application 09/721,728, filed November 25, 2000, entitled "Process and Device for Conduction

1   Electronic Transactions," which ultimately issued as the '311 Patent.

2       21.    On October 8, 2009, Defendant Yadav-Ranjan filed a continuation application

3   claiming priority to the application that ultimately issued as the '311 Patent, which was assigned

4   serial no. 12/576,147 (the "'913 Application")[2] and which ultimately issued as the '913 Patent on

5   September 27, 2011. As a continuation application, the right to file, and all rights in, the '913

6   Application were transferred to, and belonged to, Navigator pursuant to the 2007 Assignment

7   Agreement as of September 18, 2007.

8                         ***The At Will Employment and Invention Assignment Agreement***

9       22.    On or around September 24, 2007, Defendant Yadav-Ranjan and Navigator

10  entered into an At Will Employment, Confidential Information, Invention Assignment, And

11  Arbitration Agreement ("2007 Employment Agreement").

12      23.    Defendant Yadav-Ranjan represented in the Employment Agreement that she

13  "attached hereto as Exhibit A, a list describing all inventions . . . which were made by me prior to

14  my employment with the Company, which belong to me, which relate to the Company's proposed

15  business, products or research and development, and which are not assigned to the Company

16  hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions."

17  Defendant Yadav-Ranjan did not list *any* intellectual property in Exhibit A, thereby representing

18  that there were no such Prior Inventions.

19                        ***The Series A Preferred Stock Financing Agreement***

20      24.    On or about September 28, 2007, Navigator entered into a Series A Preferred

21  Stock Financing Agreement for the sale of 3,750,000 shares of Series A Preferred Stock (the

22  "Financing Agreement"). The Financing Agreement was signed by Defendant Yadav-Ranjan on

23  behalf of Navigator.

24      25.    The Financing Agreement provides that, as a condition to closing the Series A

25  Financing Agreement, Navigator and Defendant Yadav-Ranjan shall have executed the 2007

26  _____

27

28  [2] For simplicity, we refer to Application Serial No. 12/576,147, issued as Patent No. 8,027,913 on
    September 27, 2011, as the "'913 Application."

1   Assignment Agreement.

2        26.    The Financing Agreement also provides "No employee, officer or consultant of

3   [Navigator] has (i) excluded works or inventions made prior to his or her employment with

4   [Navigator] from his or her assignment of inventions pursuant to such employee, officer or

5   consultant's proprietary information and inventions agreement or (ii) failed to affirmatively

6   indicate in such proprietary information and inventions agreement that no such works or

7   inventions made prior to his or her employment with [Navigator] exist."

8   <u>**Yadav-Ranjan's Wrongful Assignment of the '311 Patent and the '913 Application to**</u>

9   <u>**Purple Leaf Delaware**</u>

10        27.    On information and belief, Defendant Yadav-Ranjan was the President and Chief

11   Executive Officer of Navigator from its formation on September 15, 2002 until her resignation on

12   October 30, 2009.

13        28.    Publically available documents from the Santa Clara Action, *Estakhri v. Yadav-*

14   *Ranjan and Purple Leaf, LLC*, Case No. 1–10–CV–178576, in the Superior Court of California,

15   County of Santa Clara, Dkt. No. 1, allege that, in April 2010, Navigator's Board of Directors

16   learned that Defendant Yadav-Ranjan, while serving as Chairperson of the Board of Directors of

17   Navigator, instructed contractors and former employees to reformat their hard drives and

18   otherwise alter or destroy Navigator's assets.

19        29.    Subsequently, on information and belief, Navigator's Board of Directors noticed a

20   meeting of the Board for April 8, 2010.

21        30.    At the April 8, 2010 Board meeting, on information and belief, the Board removed

22   Yadav-Ranjan as Chairperson of the Board and as an officer of Navigator.

23        31.    On information and belief, just prior to when Navigator's Board removed

24   Defendant Yadav-Ranjan as an officer of Navigator and in the months following her removal,

25   Defendant Yadav-Ranjan engaged a series of actions in an attempt to effectuate the wrongful

26   transfer of the '311 Patent and the '913 Application to Purple Leaf Delaware, without permission

27   from Navigator.

28        32.    Starting on April 6, 2010, just two days prior to her removal as Chairperson,

1    Defendant Yadav-Ranjan formed or caused to be formed Purple Leaf Delaware.

2    33.    On April 15, 2010, one week after she was removed as Chairperson of Navigator,

3    Defendant Yadav-Ranjan executed an assignment purporting to assign the '311 Patent and the

4    '913 Application from herself to Purple Leaf Delaware ("2010 Assignment Agreement"), despite

5    the fact that she had previously assigned the '311 Patent and "continuations . . . thereof" to

6    Navigator in 2007. Accordingly, the 2010 Assignment Agreement was ineffective and did not

7    result in the '311 Patent or the '913 Application being assigned to Purple Leaf Delaware.

8    34.    In the 2010 Assignment Agreement, Defendant Yadav-Ranjan wrongfully

9    represented that she is the "owner of the entire right, title and interest" in the '311 Patent and the

10    '913 Application.

11    35.    Defendant Yadav-Ranjan further wrongfully represented in the 2010 Assignment

12    Agreement that she had not "knowingly conveyed to others any rights in said inventions,

13    discoveries, applications or patents or any license to use the same or to make, use or sell anything

14    embodying or utilizing any of said inventions or discoveries and that I have good right to assign

15    the same to Assignee without encumbrance."

16    36.    Moreover, notwithstanding all of the other defects surrounding the 2010

17    Assignment Agreement, Defendant Yadav-Ranjan did not expressly transfer to Purple Leaf

18    Delaware the right to sue for past infringement of the '311 Patent.

19    **Purple Leaf Delaware's Wrongful Assignment of the '311 Patent to Purple Leaf Texas**

20    37.    On information and belief, on May 26, 2011, Defendant Yadav-Ranjan, on behalf

21    of Purple Leaf Delaware, executed an assignment purporting to assign the '311 Patent to Purple

22    Leaf Texas ("2011 Assignment Agreement").

23    38.    On information and belief, in the 2011 Assignment Agreement, Defendants

24    Yadav-Ranjan and Purple Leaf Delaware represented that Purple Leaf Delaware was at the time

25    the owner of the entire right, title and interest in the '311 Patent. Defendants made this

26    representation despite the fact that Defendant Yadav-Ranjan did not expressly transfer to Purple

27    Leaf Delaware the right to sue for past infringement in the 2010 Assignment Agreement and

28    despite the fact that Defendant Yadav-Ranjan previously assigned the '311 Patent to Navigator in

1  2007.  On information and belief, as of May 26, 2011, when Defendants Yadav-Ranjan and

2  Purple Leaf Delaware executed the 2011 Assignment Agreement, Navigator owned the entire

3  right, title and interest in the '311 Patent and had not assigned any right in the '311 Patent to

4  Defendants Yadav-Ranjan or Purple Leaf Delaware.  Accordingly, the 2011 Assignment

5  Agreement was ineffective and did not result in the '311 Patent being assigned to Purple Leaf

6  Texas.

7    **Defendant Yadav-Ranjan's Intentional and Material Misrepresentations to the USPTO**

8         39.     Beginning in July 2010, Defendant Yadav-Ranjan took several steps to try to

9  record her wrongful assignments with the USPTO and to prevent Navigator from taking any

10  further action with respect to the '311 Patent and the '913 Application.

11        40.     On July 12, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or

12  caused to be filed with the USPTO the wrongful and ineffective 2010 Assignment Agreement,

13  which purported to assign the '311 Patent and the '913 Application from Defendant Yadav-

14  Ranjan to Purple Leaf Delaware, which was recorded at reel 024662, frame 0677.

15        41.     On July 29, 2010, Navigator filed the 2007 Assignment Agreement with the

16  USPTO, by which Defendant Yadav-Ranjan assigned the '311 Patent and all "continuations

17  thereof" to Navigator.  The 2007 Assignment Agreement was recorded at reel 024741, frame

18  0843.

19        42.     On information and belief, on August 3, 2010, without authorization from

20  Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a

21  request with the USPTO to revoke the power of attorney of Navigator's counsel with respect to

22  the '311 Patent and grant power of attorney to Defendant Yadav-Ranjan ("Power of Attorney

23  Request").

24        43.     The Power of Attorney Request, which is signed by Defendant Yadav-Ranjan,

25  contains false statements, including that Defendant Yadav-Ranjan owned the '311 Patent, despite

26  the facts that she had already assigned the patent to Navigator in 2007 and had purported to again

27  assign the patent to Purple Leaf Delaware in 2010.

28        44.     On information and belief, on August 9, 2010, without authorization from

1    Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a

2    request with the USPTO to change the correspondence address associated with the prosecution of

3    the '311 Patent from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San

4    Jose, California ("'311 Change of Correspondence Request").

5         45.    On information and belief, on August 9, 2010, without authorization from

6    Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a

7    request with the USPTO to change the correspondence address associated with the prosecution of

8    the '913 Application from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in

9    San Jose, California ("'913 Change of Correspondence Request" and together with the '311

10    Change of Correspondence Request, the "Change of Correspondence Requests").

11        46.    The form used for the Change of Correspondence Requests states that "signatures

12    of all the inventors or assignees of record of the entire interest or their representative(s) are

13    required" to change the correspondence address.

14        47.    Despite the fact that she had already assigned the patent to Navigator in 2007 and

15    had purported to assign the patent to Purple Leaf Delaware in April 2010, Defendant Yadav-

16    Ranjan signed the '311 Change of Correspondence Request alone, representing to the USPTO

17    that she owned the entire interest of the '311 Patent.

18        48.    Despite the fact that she had already assigned all continuations of the '311 Patent

19    (including the '913 Application) to Navigator in 2007 and had purported to assign the '913

20    Application to Purple Leaf Delaware in April 2010, Defendant Yadav-Ranjan signed the '913

21    Change of Correspondence Request alone, representing to the USPTO that she owned the entire

22    interest of the '913 Application.

23        49.    On September 24, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware

24    filed or caused to be filed with the USPTO a Petition to Expunge the recording of the 2007

25    Assignment Agreement of the '311 Patent and the '913 Application to Navigator ("Petition to

26    Expunge"), which was recorded at reel 025137, frame 0450.

27        50.    In the Petition to Expunge, Defendant Yadav-Ranjan declared that "all statements

28    made herein of my own knowledge are true and that all statements made on information and

1  belief are believed to be true; and further that these statements were made with the knowledge

2  that willful false statements and the like so made are punishable by fine or imprisonment, or both,

3  under Section 1001 of Title 18 of the United States Code and that such willful false statements

4  may jeopardize the validity of the application or any patent issuing thereon."

5      51.     Despite attesting to the veracity of her statements in the Petition to Expunge,

6  Defendant Yadav-Ranjan made several false statements to the USPTO with the intent to deceive

7  the USPTO, including *inter alia*:

8          a.      On information and belief, Defendant Yadav-Ranjan falsely declared with

9  the intent to deceive the USPTO that the '311 Patent and the '913 Application "remained

10  unassigned until April 15, 2010."

11         b.      On information and belief, Defendant Yadav-Ranjan falsely declared with

12  the intent to deceive the USPTO that attorney "Timothy W. Lohse wrongfully, and without

13  privilege, caused to be recorded an incomplete and misleading copy of the 2007 Assignment

14  Agreement to the USPTO."

15         c.      On information and belief, although Defendant Yadav-Ranjan was aware

16  that Mr. Lohse was retained by Navigator to provide advice on intellectual property issues,

17  including prosecution of the patent application which issued as the '311 Patent and the '913

18  Application, she falsely declared with the intent to deceive the USPTO that she had retained Mr.

19  Lohse in her individual capacity.

20         d.      On information and belief, Defendant Yadav-Ranjan falsely declared with

21  the intent to deceive the USPTO that the 2007 Assignment Agreement contained errors and

22  should not have listed the '311 Patent as assigned to Navigator.

23         e.      On information and belief, Defendant Yadav-Ranjan falsely declared with

24  the intent to deceive the USPTO that "[t]he copy of the [2007] Assignment Agreement also shows

25  the name of the company to be 'Construction Navigator, Inc' [ ] not the purported assignee name

26  of 'Navigator Technology, Inc' [ ] further highlighting the obvious errors." Defendant Yadav-

27  Ranjan purposely concealed from the USPTO the fact that prior to 2009, Navigator Technology

28  was called Construction Navigator, Inc. In addition, on information and belief, Defendant Yadav-

1    Ranjan was aware that her statement to the USPTO was false, having signed a Certificate of

2    Amendment that changed the name of the company from Construction Navigator, Inc to

3    Navigator Technology on or around May 6, 2009.

4        52.    In response to the Petition to Expunge, the USPTO removed its record of the 2007

5    Assignment Agreement from its assignment database accessible on the USPTO website.

6        53.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed

7    or caused to be filed with the USPTO a request to grant power of attorney to Purple Leaf

8    Delaware's counsel ("'311 Request for Power of Attorney"). The request, signed by Defendant

9    Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf Delaware is

10   the assignee of the '311 Patent.

11       54.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed

12   or caused to be filed with the USPTO a request to grant power of attorney to Purple Leaf

13   Delaware's counsel ("'913 Request for Power of Attorney"). The request, signed by Defendant

14   Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf Delaware is

15   the assignee of the '913 Application.

16       55.    On December 29, 2010, the USPTO denied Defendants Yadav-Ranjan and Purple

17   Leaf Delaware's '311 Request for Power of Attorney for failing to file a statement under 37 CFR

18   3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and interest

19   in the '311 Patent.

20       56.    On January 3, 2011, the USPTO denied Defendants Yadav-Ranjan and Purple

21   Leaf Delaware's '913 Request for Power of Attorney for failing to file a statement under 37 CFR

22   3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and interest

23   in the '913 Application.

24       57.    Subsequently, on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf

25   Delaware filed or caused to be filed a second request to grant power of attorney to Purple Leaf

26   Delaware's counsel along with a false statement with the intent to deceive the USPTO that Purple

27   Leaf Delaware was the assignee of the entire, right, title, and interest in the '311 Patent.

28       58.    Also on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf Delaware

1  filed or caused to be filed a second request to grant power of attorney to Purple Leaf Delaware's

2  counsel along with a false statement with the intent to deceive the USPTO that Purple Leaf

3  Delaware was the assignee of the entire, right, title, and interest in the '913 Application.

4       59.    On September 8, 2011, Defendants Yadav-Ranjan and Purple Leaf Delaware filed

5  or caused to be filed with the USPTO the wrongful and ineffective 2011 Assignment Agreement

6  purporting to assign the '311 Patent to Purple Leaf Texas, which was recorded at reel 026871,

7  frame 0191.

8                                               **The Santa Clara Action**

9       60.    On or around July 30, 2010, Petro Estakhri, Navigator's Chairman of the Board,

10  directly and derivatively on behalf of Navigator, brought an action against Defendants Yadav-

11  Ranjan and Purple Leaf Delaware in the Superior Court of California, County of Santa Clara.

12  The complaint asserts several causes of action, including but not limited to, conversion of the

13  '311 Patent.

14       61.    On or around September 3, 2010, Defendant Yadav-Ranjan filed a cross-complaint

15  against Petro Estakhri and Navigator. The cross-complaint asserts several causes of action,

16  including but not limited to, conversion of the '311 Patent and causes of action requesting

17  reformation, rescission, and cancellation of the 2007 Assignment Agreement.

18       62.    On or around January 26, 2011, Petro Estakhri and Navigator filed an *ex parte*

19  application for a temporary restraining order to restrain Defendants Yadav-Ranjan and Purple

20  Leaf Delaware from, among other limitations, (1) transferring the '311 Patent pending trial in the

21  Santa Clara Action; and (2) taking any action before the USPTO without providing advanced

22  notice to counsel for Navigator. The temporary restraining order and a related order to show

23  cause as to why a preliminary injunction should not issue was granted on January 26, 2011.

24       63.    On February 1, 2011, Purple Leaf Delaware filed a response to the Santa Clara

25  County Court's order to show cause, in which Defendant Yadav-Ranjan joined. In support of

26  Purple Leaf Delaware's response, Defendant Yadav-Ranjan signed a declaration under penalty of

27  perjury, which further elaborated on the allegations in her cross-complaint ("the Declaration").

28       64.    In the Declaration, Defendant Yadav-Ranjan asserts that prior to signing the

1   agreement she contacted an attorney at Greenberg Traurig LLP and "told him that Schedule B

2   was inaccurate and the '311 Patent Application was not to be included because it did not relate to

3   the business of Navigator. After this conversation, [the attorney] provided me with a revised

4   version of the Assignment Agreement that contained instructions to delete all references to the

5   '311 Patent Application and related applications."

6       65.    Defendant Yadav-Ranjan attached to the Declaration what she claimed to be a true

7   and correct copy of a July 28, 2007 e-mail from the Greenberg Traurig attorney with an 11:42

8   AM timestamp attaching the allegedly revised version of the 2007 Assignment Agreement. Next

9   to the listing of the patent application that issued as the '311 Patent in the copy of the version of

10  Schedule B attached to the Declaration there is a notation stating, "please remove."

11      66.    In the Declaration, Defendant Yadav-Ranjan also asserted that prior to signing the

12  2007 Employment Agreement she was provided with a draft by an attorney at DLA Piper.

13  Defendant Yadav-Ranjan declares that the "draft listed no prior inventions on Exhibit A. I

14  contacted [the attorney] and alerted him of the fact that the '311 Patent Application was not on

15  the Employment Agreement. [The attorney] stated he would type in the '311 Patent Application

16  to this document. Accordingly, when I executed this page along with several other unattached

17  signature pages, I did not mark the box for 'No inventions or improvements.'"

18      67.    On February 4, 2011, Navigator and Estakhri filed a Reply to the Court's Order to

19  Show Cause. In the Reply, Navigator and Estakhri assert that the evidence does not support

20  Defendant Yadav-Ranjan's contention of a mistake with respect to the 2007 Assignment

21  Agreement, and "indeed, the evidence suggests that Yadav-Ranjan may have tampered with an

22  exhibit to her declaration."

23      68.    Navigator and Estakhri state in the Reply that they obtained a copy of the July 28,

24  2007 e-mail timestamped 11:42 AM from the attorney at Greenberg Traurig, and contrary to the

25  statements in Defendant Yadav-Ranjan's sworn declaration, the draft of the 2007 Assignment

26  Agreement attached to the July 28, 2007 e-mail contains no color text or highlighting, nor does it

27  contain the notation "please remove" next to the patent application which issued as the '311

28  Patent.

69.     In the Reply, Navigator and Estakhri also identified several additional pieces of evidence, which they alleged were additional proof that Defendant Yadav-Ranjan intended to transfer the '311 Patent to Navigator in September 2007. That evidence includes the following:

a.      In a July 31, 2007 e-mail, Defendant Yadav-Ranjan wrote to the attorney handling general corporate matters for Navigator and stated "[j]ust assign all the IP to CNi [Construction Navigator, Inc.]"

b.      On September 5, 2007, "angry" that Estakhri required Defendant Yadav-Ranjan forgive her $60,000 loan to Navigator as a condition to Estakhri investing in the Series A Financing, Defendant Yadav-Ranjan wrote to the attorney handling general corporate matters for Navigator and stated "More important than that is the fact that I am attaching the e-commerce patent, which is loosely valued at over $100M!"

c.      From July 28, 2007, the time period that Defendant Yadav-Ranjan stated she instructed Navigator's counsel to remove references to the '311 Patent from the draft 2007 Assignment Agreement, to September 18, 2007, when she executed the 2007 Assignment Agreement, Defendant Yadav-Ranjan was copied on two e-mails, dated August 21, 2007 and September 8, 2007, which included drafts of the 2007 Assignment Agreement listing the '311 Patent on Schedule B.

d.      After an unfavorable CEO review on September 24, 2009, Defendant Yadav-Ranjan considered resigning her position as CEO. On condition of her returning to the position of CEO, Defendant Yadav-Ranjan demanded compensation that included, among other things: "The Company must assign that certain patent of the Company regarding 'Process and Device for Conducting Electronic Transactions (991100)', 09[/]721,728, to Ms. Yadav-Ranjan."

e.      In an October 2009 e-mail to Estakhri and others, Defendant Yadav-Ranjan stated, "having received a bias [sic], employment review filled with untruths I resigned my position of CEO. Petro asked for terms under which I would consider continuing to run the company while also raising venture money, sales and cto responsibilities. Understanding the financial position of the company, the only reasonable compensation was equity and reassignment of my first patent which has nothing to do with the technology of the company."

70.     The Santa Clara County Court entered a Preliminary Injunction against Defendants Yadav-Ranjan and Purple Leaf Delaware on February 7, 2011 enjoining them from, among other limitations, (1) transferring the '311 Patent pending trial in the Santa Clara Action; and (2) taking any action before the USPTO without providing advanced notice to counsel for Navigator.

71.     On March 7, 2011, the Santa Clara Action was mediated at JAMS.  A settlement agreement was reached in principle at the mediation and the parties thereafter drafted definitive settlement documents ("Settlement Agreement and Mutual Release.")

72.     Pursuant to the Settlement Agreement and Mutual Release, Defendant Yadav-Ranjan agreed to "pay to Navigator or its assigns the total sum of nine hundred thousand dollars ($900,000)" and Navigator and Estakhri agreed to execute a quitclaim assignment, in the form of Exhibit E to the Settlement Agreement and Mutual Release, transferring to Purple Leaf Delaware "whatever rights may have allegedly ever been possessed by either of the Assignors" in and to the '311 Patent and any continuations thereof ("Quitclaim Assignment").  The Quitclaim assignment also assigned "all claims for damages by reason of past infringement" of the '311 Patent. Pursuant to the Quitclaim assignment, all right, title and interest in and to the '311 Patent and the '913 Application were transferred to Purple Leaf Delaware as of its effective date, which, as alleged below, is June 16, 2011.

73.     The parties agreed, pursuant to the Settlement Agreement and Mutual Release, that the Settlement Agreement and Mutual Release and the Quitclaim assignment would not become effective until *inter alia* the Santa Clara County Court entered an order granting final approval of the Settlement, the Preliminary Injunction was dissolved, the Santa Clara County lawsuit was dismissed with prejudice, and a related action filed in Illinois, *Petro Estakhri v. Yadav-Ranjan, et al*, Case No. 2011 L 002374 (Cook County) was dismissed with prejudice.

74.     The Settlement Agreement and Mutual Release was approved by the Santa Clara County Court and the Santa Clara Action was dismissed on or around June 3, 2011.

75.     The related action filed in Illinois, *Petro Estakhri v. Yadav-Ranjan, et al*, Case No. 2011 L 002374 (Cook County), was dismissed on June 16, 2011.

76.     Therefore the effective date of the Settlement Agreement and Mutual Release and the Quitclaim Assignment was no earlier than June 16, 2011, and thus, the transfer of all right, title and interest in and to the '311 Patent and the '913 Application from Navigator to Purple Leaf occurred no earlier than June 16, 2011.

**The Eastern District of Texas Action**

77.     On May 31, 2011, Purple Leaf Texas filed a complaint in the Eastern District of Texas, case no. 6:11-cv-00279-LED, alleging that American Express Company, Citigroup, Inc., Fiserv, Inc., JP Morgan Chase & Co., PNC Bank, N.A., and SAP had infringed and continue to infringe the '311 Patent (the "Texas Action").  SAP was served in the Texas Action on September 30, 2011.

78.     On May 31, 2011, when Purple Leaf Texas commenced the Texas Action, Navigator still owned the entire right, title and interest in the '311 Patent because the Settlement Agreement and Mutual Release and the Quitclaim Assignment assigning the '311 Patent from Navigator to Purple Leaf Delaware was not effective until at least June 16, 2011.  Thus, on May 26, 2011 when Purple Leaf Delaware purported to assign the '311 Patent to Purple Leaf Texas, it did not have any patent rights to assign.

79.     Accordingly, when Purple Leaf Texas commenced the Texas Action on May 31, 2011, it lacked standing to sue for infringement of the '311 Patent.

**The '913 Patent**

80.     The '913 Patent is a continuation of the '311 Patent, shares a common specification with the '311 Patent and is directed to the same technology.  For example, claim 1 of the '913 Patent has similar limitations to claim 1 of the '311 Patent, as shown below (underlining denoting text unique to claim 1 of the '913 Patent and brackets indicating text unique to claim 1 of the '311 Patent):

> 1. An article of manufacture [A method] for conducting a transaction [using a medium] based on a receipt having payment remittance information, the article of manufacture comprising a non-transitory computer-readable medium encoded with computer-executable instructions for execution by a processor to perform the steps of:

1    enabling a payor to authorize a payment due on the receipt to a
     payee;
2    associating[, using a processor,] the payment with the payment
     remittance information;
3    communicating[, using a processor,] the payment remittance
     information directly to the payee to initiate payment of the amount;
4    and
     wherein the payment remittance information is arranged within a
5    data structure, the data structure comprising one or more data
     fields to hold data that the payor can enter, and the payment
6    remittance information further comprises a structured remittance
     data that is kept hidden from the payee.
7

8    81.    In the Texas Action, Purple Leaf Texas has alleged that "SAP America, Inc.

9    products including, SAP EPBB ES Bundle and SAP Biller Direct, use systems and methods for a

10   using receipt-based medium having remittance information to enable a payor to make a

11   payment."

12   82.    Defendant Yadav-Ranjan, through her alter ego Purple Leaf Texas, has shown her

13   willingness to enforce her purported intellectual property rights in this technology. The threat of

14   suit by Defendant Yadav-Ranjan's other alter ego, Purple Leaf Delaware, seeking damages for

15   infringement of the '913 Patent, is an imminent injury caused by one or more of the Defendants

16   that can be redressed by judicial relief, and that is of sufficient immediacy and reality to warrant

17   the issuance of a declaratory judgment.

18                            **FIRST CLAIM FOR RELIEF**
     **Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,603,311 B1**
19                              **(against all Defendants)**

20   83.    The allegations of paragraphs 1–82 of this Complaint are incorporated by

21   reference as though set forth in full herein.

22   84.    Defendant Purple Leaf Texas has filed suit against SAP in the Eastern District of

23   Texas for allegedly infringing the '311 Patent.

24   85.    The allegations of infringement against SAP have created a substantial, immediate,

25   and real controversy between the parties as to the non-infringement of the '311 Patent. A valid

26   and justiciable controversy has arisen and exists between SAP and Defendants within the

27   meaning of 28 U.S.C. § 2201.

28

1         86.     SAP has not infringed and does not directly or indirectly infringe any valid and

2    enforceable claim of the '311 Patent, either literally or under the doctrine of equivalents because

3    none of its products and services practice any valid and enforceable claim of the '311 Patent.

4         87.     A judicial declaration of non-infringement is necessary and appropriate so that

5    SAP may ascertain its rights regarding the '311 Patent.

6    **SECOND CLAIM FOR RELIEF**<br>**Declaratory Judgment of Invalidity of U.S. Patent No. 7,603,311 B1**<br>**(against all Defendants)**

7

8         88.     The allegations of paragraphs 1–87 of this Complaint are incorporated by

9    reference as though set forth in full herein.

10        89.     The charge of alleged infringement against SAP has created a substantial,

11   immediate, and real controversy between the parties as to the validity of the '311 Patent.  A valid

12   and justiciable controversy has arisen and exists between SAP and Defendants within the

13   meaning of 28 U.S.C. § 2201.

14        90.     One or more claims of the '311 Patent are invalid because they fail to meet the

15   conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*,

16   including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

17        91.     A judicial declaration of invalidity is necessary and appropriate so that SAP may

18   ascertain its rights regarding the '311 Patent.

19   **THIRD CLAIM FOR RELIEF**<br>**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,027,913 B1**<br>**(against all Defendants)**

20

21        92.     The allegations of paragraphs 1–91 of this Complaint are incorporated by

22   reference as though set forth in full herein.

23        93.     The '913 Patent is a continuation of the '311 Patent, shares a common

24   specification with the '311 Patent and is directed to the same technology.  Defendant Yadav-

25   Ranjan, through her alter ego Purple Leaf Texas, has shown her willingness to enforce her

26   purported intellectual property rights in this technology.  Therefore, the allegations of

27   infringement against SAP have created a substantial, immediate and real controversy between the

28   parties generally as to this technology and specifically as to the non-infringement of the '913

---

1    Patent. A valid and justiciable controversy has arisen and exists between SAP and Defendants

2    within the meaning of 28 U.S.C. § 2201.

3        94.    SAP has not infringed and does not directly or indirectly infringe any valid and

4    enforceable claim of the '913 Patent, either literally or under the doctrine of equivalents because

5    none of its products and services practice any valid and enforceable claim of the '913 Patent.

6        95.    A judicial declaration of non-infringement is necessary and appropriate so that

7    SAP may ascertain its rights regarding the '913 Patent.

8                           **FOURTH CLAIM FOR RELIEF**
                **Declaratory Judgment of Invalidity of U.S. Patent No. 8,027,913 B1**
9                              **(against all Defendants)**

10       96.    The allegations of paragraphs 1–95 of this Complaint are incorporated by

11   reference as though set forth in full herein.

12       97.    The '913 Patent is a continuation of the '311 Patent, shares a common

13   specification with the '311 Patent and is directed at the same technology. Defendant Yadav-

14   Ranjan, through her alter ego Purple Leaf Texas, has shown her willingness to enforce her

15   purported intellectual property rights in this technology. Therefore, the allegations of

16   infringement against SAP have created a substantial, immediate and real controversy between the

17   parties generally as to this technology and specifically as to the validity of the '913 Patent. A

18   valid and justiciable controversy has arisen and exists between SAP and Defendants within the

19   meaning of 28 U.S.C. § 2201.

20       98.    One or more claims of the '913 Patent are invalid because they fail to meet the

21   conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*,

22   including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

23       99.    A judicial declaration of invalidity is necessary and appropriate so that SAP may

24   ascertain its rights regarding the '913 Patent.

25                           **FIFTH CLAIM FOR RELIEF**
          **Declaration Regarding Defendants' Ownership Rights and Standing to Sue**
26                             **(against all Defendants)**

27       100.   The allegations of paragraphs 1–99 of this Complaint are incorporated by

28   reference as though set forth in full herein.

1       101.    The charge of alleged infringement against SAP has created a substantial,

2   immediate and real controversy between the parties regarding the legal title of the '311 Patent. A

3   valid and justiciable controversy has arisen and exists between SAP and Defendants within the

4   meaning of 28 U.S.C. § 2201.

5       102.    In the Texas Action, Purple Leaf Texas has represented that it is the owner of all

6   rights, title, and interest to the '311 Patent.

7       103.    Having assigned all right, title, and interest to her intellectual property, including

8   the '311 Patent, to Navigator in 2007, Defendant Yadav-Ranjan had no rights in the '311 Patent

9   when she executed the April 2010 Assignment Agreement purporting to assign all present and

10  future rights, title, and interest to Purple Leaf Delaware. The ineffective 2010 Assignment

11  Agreement did not purport to assign the right to past damages to Purple Leaf Delaware.

12      104.    As alleged in at least paragraphs 71–76 above, the Mutual Settlement and Release

13  and the Quitclaim Assignment executed between Navigator and Purple Leaf Delaware and

14  assigning all rights, title, and interest to Purple Leaf Delaware became effective no earlier than

15  June 16, 2011. On information and belief, despite having no rights to the '311 Patent before June

16  2011, Purple Leaf Delaware on May 26, 2011 executed the 2011 Assignment Agreement,

17  purporting to assign all rights, title, and interest to Purple Leaf Texas. On information and belief,

18  Purple Leaf Delaware has not assigned any valid right to the '311 Patent to Purple Leaf Texas.

19      105.    Despite having no rights to the '311 Patent and no standing to enforce any such

20  rights, Defendant Purple Leaf Texas asserted the '311 Patent against SAP by filing the Texas

21  Action on May 31, 2011.

22      106.    SAP therefore requests a judicial determination that Defendant Purple Leaf Texas

23  lacked ownership in the '311 Patent at the time it filed the Texas Action against SAP on May 31,

24  2011 and had no right or standing to enforce the '311 Patent at that time. Such a determination is

25  necessary and appropriate so that SAP may ascertain its rights regarding the '311 Patent.

26      107.    SAP further seeks a judicial determination as to whether and when any of the

27  Defendants held title to the '311 Patent in order to determine whether and when any of the

28  Defendants had standing to bring suit and for what period any of the Defendants can claim

1    damages should this Court determine damages are appropriate for any alleged infringement.

2    Such a determination is necessary and appropriate so that SAP may ascertain its rights regarding

3    the '311 Patent.

4                                **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiff SAP prays for a declaration from this Court and judgment as

6    follows:

7          1.    That SAP does not infringe any of the claims of the '311 Patent;

8          2.    That each and every claim of the '311 Patent is invalid;

9          3.    That SAP does not infringe any of the claims of the '913 Patent;

10         4.    That each and every claim of the '913 Patent is invalid;

11         5.    That Defendant Purple Leaf Texas did not have any rights to the '311 Patent or

12   standing to sue for infringement of the '311 when it filed suit against SAP in the Eastern District

13   of Texas on May 31, 2011;

14         6.    Declaring who owns and is entitled to sue for damages for alleged past

15   infringement of the '311 Patent;

16         7.    That this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling

17   SAP to an award of reasonable attorneys' fees, expenses, and costs in this action; and

18         8.    For such other and further relief as this Court deems just, reasonable, and proper.

19   //

20   //

21   //

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR                    - 23 -                    Case No. 4:11-cv-04601-PJH
DECLARATORY RELIEF

1

## JURY DEMAND

2    Plaintiff SAP America, Inc. demands a trial by jury on all issues presented herein.

3    DATED:  November 3, 2011           SIMPSON THACHER & BARTLETT LLP

4

5                                   By:

6                                 HARRISON J. FRAHN IV (SBN 206822)
                                 hfrahn@stblaw.com

7                                 GAUTAM V. KENE (SBN 264166)
                                 gkene@stblaw.com

8                                 SIMPSON THACHER & BARTLETT
                                 LLP

9                                 2550 Hanover Street
                                 Palo Alto, California 94304

10                                Tel. (650) 251-5000

11                                Fax (650) 251-5002

12                                 BRIAN P. McCLOSKEY (*pro hac vice*)
                                 bmccloskey@stblaw.com

13                                 SIMPSON THACHER & BARTLETT
                                 LLP

14                                 425 Lexington Avenue

15                                 New York, New York 10017-3954
                                 Tel. (212) 455-2000

16                                 Fax (212) 455-2502

17

18                                 *Attorneys for Plaintiff*
                                 *SAP America, Inc.*

19

20

21

22

23

24

25

26

27

28

1 **PROOF OF SERVICE**

2     I am employed in Santa Clara County. I am over 18 years of age and not a party to this

3 action. My business address is 2550 Hanover Street, Palo Alto, California 94304.

4     On November 4, 2011, I served a true and correct copy of the foregoing **FIRST**

5 **AMENDED COMPLAINT FOR DECLARATORY RELIEF** on all interested parties in this

6 action, via Federal Express overnight priority mail with next day delivery, with postage pre-paid.

7     I declare under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct and that I am employed in the office of a member of the bar of this

9 Court at whose direction the service was made.

10 DATED: November 4, 2011                    SIMPSON THACHER & BARTLETT LLP

11

12                                    By:_____

13                                         Janie Franklin

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28