UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAP AMERICA, INC.,

    Plaintiff,

    v.

PURPLE LEAF, LLC, et al.,

    Defendants.

_____/

No. C 11-4601 PJH

**ORDER TRANSFERRING CASE**

    The present action was filed by plaintiff SAP America, Inc. ("SAP"), on September 16, 2011. Defendants are Purple Leaf LLC ("Purple Leaf Delaware" – a Delaware limited liability company), Purple Leaf LLC ("Purple Leaf Texas" – a Texas limited liability company), and Rani Yadev-Ranjan ("Yadev-Ranjan"), an individual residing in San Jose. SAP seeks a declaratory judgment of invalidity and non-infringement as to U.S. Patent No. 7,603,311 B1 ("the '311 patent"), and U.S. Patent No. 8,027,913 B1 ("the '913 patent), which is a continuation of the '311 patent. Yadev-Ranjan is named as the inventor on both patents.

    On May 31, 2011, three and a half months before the present action was filed, Purple Leaf Texas filed a complaint in the Eastern District of Texas, alleging infringement of the '311 patent, against six defendants, including SAP. The court finds that the present action must be transferred to the Eastern District of Texas pursuant to the first-to-file rule.

    In applying the first-to-file rule, a court looks to three factors – "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or

dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 622 (9th Cir. 1991). "Circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping." Id. at 628 (internal citations omitted).

Another exception to the first-to-file rule is when "the balance of convenience weighs in favor of the later-filed action." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). This is analogous to the "convenience of parties and witnesses" under a transfer of venue motion, 28 U.S.C. § 1404(a). Genentech, Inc. v. GlaxoSmithKline LLC, 2010 WL 4923594 at *2 (N.D. Cal., Dec. 1, 2010); Intuitive Surgical, Inc. v. California, 2007 WL 1150787 at *2 (N.D. Cal., April 18, 2007).

It is the court with the first-filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule. See Alltrade Inc., 946 F.2d at 628; Intuitive Surgical, 2007 WL 1150787 at *3.

Here, the Texas action was filed in May 2011, and the present case was filed three and a half months later, in September 2011. Thus, the "chronology" requirement is met.

With regard to the similarity of the parties, Purple Leaf Texas and SAP are parties to both actions, while Yadav-Rajan and Purple Leaf Delaware are parties only in the present action, and there are also five additional defendants in the Texas action (three of which have made no appearance to date). Thus, that factor is partially met.[1]

With regard to the similarity of the issues, the plaintiffs in the Texas case assert a claim of infringement of the '311 patent against (among others) SAP, while in the present action, SAP seeks a declaratory judgment of invalidity and non-infringement as to the '311 patent and as to the '913 patent, which is a continuation of the '311 patent. Thus, the court finds that the issues are sufficiently similar to warrant transfer.

---

[1] It is not clear, however, whether all defendants in the Texas action were properly joined.

2

SAP argues that various exceptions to the first-to-file rule are applicable here. The court finds, however, that that determination should be made by the Texas court, in accordance with the above-stated authority. The court finds in addition that it is for the Texas court to determine whether Purple Leaf Texas did or did not have standing at the time the complaint was filed in the Texas action, or whether Purple Leaf Texas did or did not act in bad faith in filing the suit in the first place. As for the question of forum-shopping, SAP could just as easily have filed an answer and a counterclaim in the Texas action seeking a declaratory judgment of non-infringement and invalidity, rather than filing a second action in this district.

Accordingly, the court finds that this action should be TRANSFERRED to the Eastern District of Texas.

**IT IS SO ORDERED.**

Dated: January 9, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge