1   HARRISON J. FRAHN IV (SBN 206822)
    hfrahn@stblaw.com
2   GAUTAM V. KENE (SBN 264166)
    gkene@stblaw.com
3   ROXANA NIKTAB (SBN 275872)
    rniktab@stblaw.com
4   SIMPSON THACHER & BARTLETT LLP
    2550 Hanover Street
5   Palo Alto, California 94304
    Tel. (650) 251-5000
6   Fax (650) 251-5002

7   BRIAN P. McCLOSKEY (*pro hac vice*)
    bmccloskey@stblaw.com
8   SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
9   New York, New York 10017-3954
    Tel. (212) 455-2000
10  Fax (212) 455-2502

11  *Attorneys for Plaintiff*
    *SAP America, Inc.*

12

13                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
14                           OAKLAND DIVISION

15

16  SAP AMERICA, INC.,                    Case No.  4:11-cv-04601-PJH

17              Plaintiff,                **SAP AMERICA, INC.'S FIRST AMENDED
                                          ANSWER AND COUNTERCLAIMS TO**
        vs.                               **DEFENDANT PURPLE LEAF, LLC'S
18                                        COUNTERCLAIMS**
    PURPLE LEAF, LLC, a Delaware
19  corporation, PURPLE LEAF, LLC, a       **JURY DEMAND**
    Texas corporation, and RANI YADAV-
20  RANJAN, an individual,

21              Defendants.

22

23          Plaintiff SAP America, Inc. ("SAP"), by and through its undersigned counsel,

24  responds in this First Amended Answer and Counterclaims to the amended counterclaims for

25  patent infringement filed on March 9, 2012 by Defendant Purple Leaf, LLC, a Delaware limited

26  liability company ("Purple Leaf Delaware" or "Defendant") in response to SAP's First Amended

27  Complaint for Declaratory Relief ("Complaint") against Purple Leaf Delaware, Purple Leaf, LLC,

28

---

a Texas limited liability company ("Purple leaf Texas"), and Rani Yadav-Ranjan ("Yadav-Ranjan") (collectively, "Defendants"), as follows:

**PARTIES**

1.      SAP admits that Purple Leaf Delaware is a Delaware limited liability company.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and on that basis denies them.

2.      Admitted.

**JURISDICTION AND VENUE**

3.      SAP admits that Defendant purports to state a claim under Title 35 of the United States Code and admits that Defendant purports to assert subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      SAP admits that it has transacted business in this district and that venue is proper in this district.  SAP denies that it has committed any acts of infringement in the Northern District of California or elsewhere, and otherwise denies the allegations of Paragraph 4.

5.      SAP admits that it is subject to personal jurisdiction in this judicial district.  SAP denies that any of its activities in this State, this judicial district or elsewhere has given rise to any cause of action of Purple Leaf Delaware.  The remainder of the allegations of paragraph 5 state legal conclusions to which no answer is required; if an answer is deemed required, SAP denies those allegations.

6.      SAP admits that it is subject to personal jurisdiction in this judicial district.  The remainder of the allegations of paragraph 6 state legal conclusions to which no answer is required; if an answer is deemed required, SAP denies those allegations.

**COUNT I**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,603,311 B1**

7.      SAP admits that U.S. Patent No. 7,603,311 B1 (the "'311 Patent") is entitled "Process and Device for Conducting Electronic Transactions," that Defendant purports to attach a copy of the '311 Patent, and SAP refers Defendant to that document and its related prosecution history for the full and complete contents thereof.  SAP denies all characterizations

inconsistent therewith.  SAP admits that the face of the '311 Patent indicates that the application leading to the '311 Patent was filed on November 25, 2000, that the '311 Patent was issued on October 13, 2009 and that the '311 Patent claims to benefit from a priority date of November 29, 1999.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and on that basis denies them.

8.       SAP admits that the '311 Patent purports to relate to methods and devices for conducting a transaction and refers Defendant to the '311 Patent and its related prosecution history for the full and complete contents thereof.  SAP denies all characterizations inconsistent therewith, and denies any remaining allegations in Paragraph 8.

9.       Denied.

10.      Denied.

11.      Denied.

12.      Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,027,913 B1

13.      SAP admits that U.S. Patent No. 8,027,913 B1 (the "'913 Patent") is entitled "Process and Device for Conducting Electronic Transactions," that Defendant purports to attach a copy of the '913 Patent, and SAP refers Defendant to that document and its related prosecution history for the full and complete contents thereof.  SAP denies all characterizations inconsistent therewith.  SAP admits that the face of the '913 Patent indicates that the '913 Patent is a continuation of the '311 Patent, the continuation application leading to the '913 Patent was filed on October 8, 2009, that the '913 Patent was issued on September 27, 2011 and that the '913 Patent claims to benefit from a priority date of November 29, 1999.  SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies them.

14.      SAP admits that the '913 Patent purports to relate to articles of manufacture for conducting a transaction and refers Defendant to the '913 Patent and its related prosecution history for the full and complete contents thereof.  SAP denies all characterizations

1  inconsistent therewith.  SAP denies any remaining allegations in Paragraph 14.

2                  15.    Denied.

3                  16.    Denied.

4                  17.    Denied.

5                  18.    Denied.

6  **RESPONSE TO PURPLE LEAF DELAWARE'S PRAYER FOR RELIEF**

7          SAP denies that Purple Leaf Delaware is entitled to be awarded any of the relief

8  sought in its prayer for relief against SAP, including the relief requested in Paragraphs (A)–(H).

9  **RESPONSE TO PURPLE LEAF DELAWARE'S DEMAND FOR JURY TRIAL**

10          SAP admits that Defendant demands a trial by jury on all issues so triable in this

11  action pursuant to Fed. R. Civ. P. 38.

12  **SAP'S DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

13          Without assuming any burden that it would not otherwise bear, and reserving its

14  right to assert additional defenses, SAP, for its defenses, pleads:

15  **FIRST DEFENSE**

16  **(FAILURE TO STATE A CLAIM)**

17          19.    The counterclaims fail to state a claim for which relief can be granted

18  against SAP.

19  **SECOND DEFENSE**

20  **(NON-INFRINGEMENT OF U.S. PAT. NO. 7,603,311 B1)**

21          20.    SAP has not infringed, directly or indirectly, any valid and/or enforceable

22  claim of the '311 Patent.

23  **THIRD DEFENSE**

24  **(NON-INFRINGEMENT OF U.S. PAT. NO. 8,027,913 B1)**

25          21.    SAP has not infringed, directly or indirectly, any valid and/or enforceable

26  claim of the '913 Patent.

27

28

**FOURTH DEFENSE**

**(INVALIDITY OF U.S. PAT. NO. 7,603,311 B1)**

22.     The '311 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**FIFTH DEFENSE**

**(INVALIDITY OF U.S. PAT. NO. 8,027,913 B1)**

23.     The '913 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**SIXTH DEFENSE**

**(UNENFORCEABILITY OF U.S. PAT. NO. 7,603,311 B1)**

24.     Defendant Yadav-Ranjan is the sole person named as inventor of the '311 Patent and the founder, sole owner, and sole employee of Defendant Purple Leaf Delaware. Defendant Yadav-Ranjan deliberately planned and carefully executed a scheme to defraud the United States Patent and Trademark Office ("USPTO") as to the ownership of the '311 Patent. Through numerous acts of affirmative egregious misconduct, Defendant Yadav-Ranjan, despite having assigned all of her right, title and interest to a third party in 2007, recorded with the USPTO a subsequent, false assignment of the '311 Patent to Defendant Purple Leaf Delaware, petitioned the USPTO to expunge the prior assignment document reflecting the true owner to whom she had assigned the '311 Patent, withdrew power of attorney from the '311 Patent's true owner's attorney, granted power of attorney in the '311 Patent to herself, and changed the correspondence address on file with the USPTO for the '311 Patent to her own home address.

***Defendant Yadav-Ranjan Assigned the '311 Patent and the '913 Patent to Navigator in 2007***

25.     The patent application that issued as the '311 Patent was filed with the USPTO on November 25, 2000 as Application No. 09/721,728, naming Defendant Yadav-Ranjan

as the sole inventor.

26.    On or about September 15, 2002, Defendant Yadav-Ranjan founded Navigator Technology, Inc, (f/k/a Construction Navigator Inc.), a corporation that purports to provide information about professional licensing for contractors in the United States.  Navigator Technology, Inc. was originally formed under the laws of the State of Delaware as Construction Navigator, Inc.  On or about May 6, 2009, Defendant Yadav-Ranjan signed and delivered or caused to be delivered to the Delaware Secretary of State a Certificate of Amendment to the Amended and Restated Certificate of Incorporation of Construction Navigator Inc. (the "Certificate of Amendment"), which changed the name of Construction Navigator, Inc to Navigator Technology, Inc.[1]

27.    Beginning in approximately June of 2007, Defendant Yadav-Ranjan approached potential investors about investing in Navigator.

28.    On or about September 18, 2007, to induce investments in Navigator, Defendant Yadav-Ranjan entered into an Intellectual Property Assignment Agreement (the "2007 Assignment Agreement") with Navigator through which Defendant Yadav-Ranjan agreed to assign all right, title, and interest to her intellectual property, including the '311 Patent and all continuations thereof, to Navigator.

29.    On October 8, 2009, a continuation application was filed claiming priority to the application that ultimately issued as the '311 Patent, which was assigned serial no. 12/576,147 (the "'913 Application")[2] and which ultimately issued as the '913 Patent on September 27, 2011.  As a continuation application, the right to file, and all rights in, the '913 Application were transferred to, and belonged to, Navigator pursuant to the 2007 Assignment Agreement as of September 18, 2007.

30.    On or around September 24, 2007, Defendant Yadav-Ranjan and Navigator entered into an At Will Employment, Confidential Information, Invention Assignment, And

---

[1] Unless otherwise specified, Navigator Technology, Inc. and Construction Navigator, Inc. are herein referred to as "Navigator."
[2] For simplicity, we refer to Application Serial No. 12/576,147, issued as Patent No. 8,027,913 on September 27, 2011, as the "'913 Application."

1    Arbitration Agreement ("2007 Employment Agreement").

2           31.    Defendant Yadav-Ranjan represented in the Employment Agreement that

3    she "attached hereto as Exhibit A, a list describing all inventions . . . which were made by me

4    prior to my employment with the Company, which belong to me, which relate to the Company's

5    proposed business, products or research and development, and which are not assigned to the

6    Company hereunder; or, if no such list is attached, I represent that there are no such Prior

7    Inventions."  Defendant Yadav-Ranjan did not list *any* intellectual property in Exhibit A, thereby

8    representing that there were no such Prior Inventions.

9           32.    On or about September 28, 2007, Navigator entered into a Series A

10   Preferred Stock Financing Agreement for the sale of 3,750,000 shares of Series A Preferred Stock

11   (the "Financing Agreement").  The Financing Agreement was signed by Defendant Yadav-

12   Ranjan on behalf of Navigator.

13          33.    The Financing Agreement provides that, as a condition to closing the

14   Series A Financing Agreement, Navigator and Defendant Yadav-Ranjan shall have executed the

15   2007 Assignment Agreement.

16          34.    The Financing Agreement also provides "No employee, officer or

17   consultant of [Navigator] has (i) excluded works or inventions made prior to his or her

18   employment with [Navigator] from his or her assignment of inventions pursuant to such

19   employee, officer or consultant's proprietary information and inventions agreement or (ii) failed

20   to affirmatively indicate in such proprietary information and inventions agreement that no such

21   works or inventions made prior to his or her employment with [Navigator] exist."

22   ***Yadav-Ranjan Fraudulently Assigned the '311 Patent and the '913 Application to Purple Leaf***

23   ***Delaware Despite Having Already Assigned Them to Navigator***

24          35.    Defendant Yadav-Ranjan was the President and Chief Executive Officer of

25   Navigator from its formation on September 15, 2002 until her resignation on October 30, 2009.

26          36.    Publically available documents from *Estakhri v. Yadav-Ranjan and Purple*

27   *Leaf, LLC*, Case No. 1–10–CV–178576, in the Superior Court of California, County of Santa

28   Clara, (the "Santa Clara Action") Dkt. No. 1, allege that, in April 2010, Navigator's Board of

1  Directors learned that Defendant Yadav-Ranjan, while serving as Chairperson of the Board of

2  Directors of Navigator, instructed contractors and former employees to reformat their hard drives

3  and otherwise alter or destroy Navigator's assets.

4        37.     Subsequently, on information and belief, Navigator's Board of Directors

5  noticed a meeting of the Board for April 8, 2010.

6        38.     At the April 8, 2010 Board meeting, on information and belief, the Board

7  removed Yadav-Ranjan as Chairperson of the Board and as an officer of Navigator.

8        39.     On information and belief, just prior to when Navigator's Board removed

9  Defendant Yadav-Ranjan as an officer of Navigator and in the months following her removal,

10  Defendant Yadav-Ranjan engaged a series of actions in an attempt to effectuate the wrongful

11  transfer of the '311 Patent and the '913 Application to Purple Leaf Delaware, without permission

12  from Navigator.

13        40.     Starting on April 6, 2010, just two days prior to her removal as

14  Chairperson, Defendant Yadav-Ranjan formed or caused to be formed Purple Leaf Delaware.

15        41.     On April 15, 2010, one week after she was removed as Chairperson of

16  Navigator, Defendant Yadav-Ranjan executed an assignment purporting to assign the '311 Patent

17  and the '913 Application from herself to Purple Leaf Delaware ("2010 Assignment Agreement"),

18  despite the fact that she had previously assigned the '311 Patent and "continuations . . . thereof"

19  to Navigator in 2007.  Accordingly, the 2010 Assignment Agreement was ineffective and did not

20  result in the '311 Patent or the '913 Application being assigned to Purple Leaf Delaware.

21        42.     In the 2010 Assignment Agreement, Defendant Yadav-Ranjan wrongfully

22  represented that she is the "owner of the entire right, title and interest" in the '311 Patent and the

23  '913 Application.

24        43.     Defendant Yadav-Ranjan further wrongfully represented in the 2010

25  Assignment Agreement that she had not "knowingly conveyed to others any rights in said

26  inventions, discoveries, applications or patents or any license to use the same or to make, use or

27  sell anything embodying or utilizing any of said inventions or discoveries and that I have good

28  right to assign the same to Assignee without encumbrance."

44.     Moreover, notwithstanding all of the other defects surrounding the 2010 Assignment Agreement, Defendant Yadav-Ranjan did not expressly transfer to Purple Leaf Delaware the right to sue for past infringement of the '311 Patent.

45.     On or around July 30, 2010, Petro Estakhri, Navigator's Chairman of the Board, directly and derivatively on behalf of Navigator, brought an action against Defendants Yadav-Ranjan and Purple Leaf Delaware in the Superior Court of California, County of Santa Clara. The complaint asserts several causes of action, including but not limited to, conversion of the '311 Patent. The case subsequently settled, and, in exchange for $900,000, Navigator transferred the '311 Patent and the '913 Patent to Defendant Purple Leaf Delaware, effective June 16, 2011.

*Defendant Yadav-Ranjan Lied to the USPTO to Falsify the Assignment Records for the Asserted Patents*

46.     Beginning in July 2010, Defendant Yadav-Ranjan took several steps to try to record her wrongful assignments with the USPTO and to prevent Navigator from taking any further action with respect to the '311 Patent and the '913 Application.

47.     On July 12, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed with the USPTO the wrongful and ineffective 2010 Assignment Agreement, which purported to assign the '311 Patent and the '913 Application from Defendant Yadav-Ranjan to Purple Leaf Delaware, which was recorded at reel 024662, frame 0677.

48.     On July 29, 2010, Navigator filed the 2007 Assignment Agreement with the USPTO, by which Defendant Yadav-Ranjan assigned the '311 Patent and all "continuations thereof" to Navigator. The 2007 Assignment Agreement was recorded at reel 024741, frame 0843.

49.     On August 3, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to revoke the power of attorney of Navigator's counsel with respect to the '311 Patent and grant power of attorney to Defendant Yadav-Ranjan ("Power of Attorney Request").

50.     The Power of Attorney Request, which is signed by Defendant Yadav-

Ranjan, contains false statements, including that Defendant Yadav-Ranjan owned the '311 Patent, despite the facts that she had already assigned the patent to Navigator in 2007 and had purported to again assign the patent to Purple Leaf Delaware in 2010.

51.     On information and belief, on August 9, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to change the correspondence address associated with the prosecution of the '311 Patent from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San Jose, California ("'311 Change of Correspondence Request").

52.     On information and belief, on August 9, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to change the correspondence address associated with the prosecution of the '913 Application from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San Jose, California ("'913 Change of Correspondence Request" and together with the '311 Change of Correspondence Request, the "Change of Correspondence Requests").

53.     The form used for the Change of Correspondence Requests states that "signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required" to change the correspondence address.

54.     Despite the fact that she had already assigned the patent to Navigator in 2007 and had purported to assign the patent to Purple Leaf Delaware in April 2010, Defendant Yadav-Ranjan signed the '311 Change of Correspondence Request alone, representing to the USPTO that she owned the entire interest of the '311 Patent.

55.     Despite the fact that she had already assigned all continuations of the '311 Patent (including the '913 Application) to Navigator in 2007 and had purported to assign the '913 Application to Purple Leaf Delaware in April 2010, Defendant Yadav-Ranjan signed the '913 Change of Correspondence Request alone, representing to the USPTO that she owned the entire interest of the '913 Application.

56.     On September 29, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed with the USPTO a Petition to Expunge the recording of the

2007 Assignment Agreement of the '311 Patent and the '913 Application to Navigator ("Petition to Expunge"), which was recorded at reel 025137, frame 0450.

57.     In the Petition to Expunge, Defendant Yadav-Ranjan declared that "all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon."

58.     Despite attesting to the veracity of her statements in the Petition to Expunge, Defendant Yadav-Ranjan made several false statements to the USPTO with the intent to deceive the USPTO, including *inter alia*:

    a.   On information and belief, Defendant Yadav-Ranjan falsely declared with the intent to deceive the USPTO that the '311 Patent and the '913 Application "remained unassigned until April 15, 2010."

    b.   On information and belief, Defendant Yadav-Ranjan falsely declared with the intent to deceive the USPTO that attorney "Timothy W. Lohse wrongfully, and without privilege, caused to be recorded an incomplete and misleading copy of the 2007 Assignment Agreement to the USPTO."

    c.   On information and belief, although Defendant Yadav-Ranjan was aware that Mr. Lohse was retained by Navigator to provide advice on intellectual property issues, including prosecution of the patent application which issued as the '311 Patent and the '913 Application, she falsely declared with the intent to deceive the USPTO that she had retained Mr. Lohse in her individual capacity.

    d.   On information and belief, Defendant Yadav-Ranjan falsely declared with the intent to deceive the USPTO that the 2007 Assignment Agreement contained errors and should not have listed the '311 Patent as assigned to Navigator.

1         e.   On information and belief, Defendant Yadav-Ranjan falsely declared with the

2           intent to deceive the USPTO that "[t]he copy of the [2007] Assignment Agreement

3           also shows the name of the company to be 'Construction Navigator, Inc' [ ] not the

4           purported assignee name of 'Navigator Technology, Inc' [ ] further highlighting

5           the obvious errors."  Defendant Yadav-Ranjan purposely concealed from the

6           USPTO the fact that prior to 2009, Navigator Technology was called Construction

7           Navigator, Inc.  In addition, on information and belief, Defendant Yadav-Ranjan

8           was aware that her statement to the USPTO was false, having signed a Certificate

9           of Amendment that changed the name of the company from Construction

10          Navigator, Inc to Navigator Technology on or around May 6, 2009.

11        59.   On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

12  Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

13  Purple Leaf Delaware's counsel ("'311 Request for Power of Attorney").  The request, signed by

14  Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf

15  Delaware is the assignee of the '311 Patent.

16        60.   On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

17  Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

18  Purple Leaf Delaware's counsel ("'913 Request for Power of Attorney").  The request, signed by

19  Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf

20  Delaware is the assignee of the '913 Application.

21        61.   On December 29, 2010, the USPTO denied Defendants Yadav-Ranjan and

22  Purple Leaf Delaware's '311 Request for Power of Attorney for failing to file a statement under

23  37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

24  interest in the '311 Patent.

25        62.   On January 3, 2011, the USPTO denied Defendants Yadav-Ranjan and

26  Purple Leaf Delaware's '913 Request for Power of Attorney for failing to file a statement under

27  37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

28  interest in the '913 Application.

63. Subsequently, on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a second request to grant power of attorney to Purple Leaf Delaware's counsel along with a false statement with the intent to deceive the USPTO that Purple Leaf Delaware was the assignee of the entire, right, title, and interest in the '311 Patent.

64. Also on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a second request to grant power of attorney to Purple Leaf Delaware's counsel along with a false statement with the intent to deceive the USPTO that Purple Leaf Delaware was the assignee of the entire, right, title, and interest in the '913 Application.

### Defendants' Misrepresentations Were Made With the Intent to Deceive the USPTO

65. Defendant Yadav-Ranjan's affirmative egregious misconduct was done with the intent to deceive the USPTO.  Specifically, when she began her fraudulent scheme in 2010 to attempt to take back ownership of the '311 Patent and '913 Application, Defendant Yadav-Ranjan knew that she had assigned all of her right, title and interest in the '311 and '913 Application to Navigator Technology, Inc, in 2007, but nonetheless made her fraudulent representations to the USPTO as if she had never assigned the '311 Patent and the '913 Application.  Defendant Yadav-Ranjan's intent to deceive the USPTO is the single most likely inference to be drawn from her representations of ownership to the USPTO in 2010 and 2011 in light of her acknowledgement of Navigator's ownership, as shown by at least the following evidence:

    a. In a July 31, 2007 e-mail, Defendant Yadav-Ranjan wrote to the attorney handling general corporate matters for Navigator and stated "[j]ust assign all the IP to CNi [Construction Navigator, Inc.]"

    b. On September 5, 2007, "angry" that a Navigator investor required Defendant Yadav-Ranjan forgive her $60,000 loan to Navigator as a condition to him investing in the Series A Financing, Defendant Yadav-Ranjan wrote to the attorney handling general corporate matters for Navigator and stated "More important than that is the fact that I am attaching the e-commerce patent, which is loosely valued at over $100M!"

c.   From July 28, 2007, the time period that Defendant Yadav-Ranjan stated she instructed Navigator's counsel to remove references to the '311 Patent from the draft 2007 Assignment Agreement, to September 18, 2007, when she executed the 2007 Assignment Agreement, Defendant Yadav-Ranjan was copied on two e-mails, dated August 21, 2007 and September 8, 2007, which included drafts of the 2007 Assignment Agreement listing the '311 Patent on Schedule B.

d.   After an unfavorable CEO review on September 24, 2009, Defendant Yadav-Ranjan considered resigning her position as CEO.  On condition of her returning to the position of CEO, Defendant Yadav-Ranjan demanded compensation that included, among other things: "The Company must assign that certain patent of the Company regarding 'Process and Device for Conducting Electronic Transactions (991100)', 09[/]721,728, to Ms. Yadav-Ranjan."

e.   In an October 2009 e-mail to Navigator investors, Defendant Yadav-Ranjan stated, "having received a bias [sic], employment review filled with untruths I resigned my position of CEO.  Petro asked for terms under which I would consider continuing to run the company while also raising venture money, sales and cto responsibilities.  Understanding the financial position of the company, the only reasonable compensation was equity and reassignment of my first patent which has nothing to do with the technology of the company."

f.   In her February 1, 2011 declaration before the court in the Santa Clara Action, Defendant Yadav-Ranjan falsely altered and attached as an exhibit a copy of a July 28, 2007 e-mail with an 11:42 AM timestamp by inserting a fabricated notation in an attempt to convince the court that she had instructed Navigator's attorneys to remove the '311 Patent from the schedule of property that was to be transferred to Navigator, when in fact a true and correct copy of that email, subsequently submitted by declaration of her adversary in that case, shows that no such notation to remove the '311 Patent was made in that specific email.

66.     Defendant Yadav-Ranjan's numerous false statements to the USPTO as to her or Defendant Purple Leaf Delaware's purported ownership of the '311 Patent were affirmative egregious misrepresentations and are therefore material.  These misrepresentations were made with full knowledge that Navigator then owned the '311 Patent and with an intent to deceive the USPTO.  Such intentional, egregious affirmative misconduct constitutes inequitable conduct and renders the '311 Patent unenforceable.

### SEVENTH DEFENSE

### (UNENFORCEABILITY OF U.S. PAT. NO. 8,027,913 B1)

67.     Defendant Yadav-Ranjan is the sole person named as inventor of the '913 Patent and the founder, sole owner, and sole employee of Defendant Purple Leaf Delaware. Defendant Yadav-Ranjan deliberately planned and carefully executed a scheme to defraud the USPTO as to the ownership of the '913 Application.  Through numerous acts of affirmative egregious misconduct, Defendant Yadav-Ranjan, despite having assigned all of her right, title and interest to a third party in 2007, recorded with the USPTO a subsequent, false assignment of the '913 Application to Defendant Purple Leaf Delaware, petitioned the USPTO to expunge the prior assignment document reflecting the true owner to whom she had assigned the '913 Application, withdrew power of attorney from the '913 Application's true owner's attorney, granted power of attorney in the '913 Application to herself, and changed the correspondence address on file with the USPTO for the '913 Application to her own home address.

68.     SAP restates paragraphs 25-66 above as if fully set forth herein.

69.     Defendant Yadav-Ranjan's numerous false statements to the USPTO as to her or Defendant Purple Leaf Delaware's purported ownership of the '913 Application were affirmative egregious misrepresentations and are therefore material.  These misrepresentations were made with full knowledge that Navigator then owned the '913 Application and with an intent to deceive the USPTO.  Such intentional, egregious affirmative misconduct constitutes inequitable conduct and renders the '913 Patent unenforceable.

70.     The '913 Patent is also unenforceable under the doctrine of infectious unenforceability.  The '913 Patent is a continuation of the '311 Patent, shares a common

specification with the '311 Patent, is directed to the same technology and has a necessary and direct relation to the '311 Patent.  For example, claim 1 of the '913 Patent has similar limitations to claim 1 of the '311 Patent, as shown below (underlining denoting text unique to claim 1 of the '913 Patent and brackets indicating text unique to claim 1 of the '311 Patent):

> 1. An article of manufacture [A method] for conducting a transaction [using a medium] based on a receipt having payment remittance information, the article of manufacture comprising a non-transitory computer-readable medium encoded with computer-executable instructions for execution by a processor to perform the steps of:
> enabling a payor to authorize a payment due on the receipt to a payee;
> associating[, using a processor,] the payment with the payment remittance information;
> communicating[, using a processor,] the payment remittance information directly to the payee to initiate payment of the amount; and
> wherein the payment remittance information is arranged within a data structure, the data structure comprising one or more data fields to hold data that the payor can enter, and the payment remittance information further comprises a structured remittance data that is kept hidden from the payee.

71.     As a result, the '913 Patent is unenforceable.

## EIGHTH DEFENSE

## (PROSECUTION HISTORY ESTOPPEL)

72.     Defendant is estopped from asserting any interpretation of the claims of the '311 Patent that would cover any of SAP's products and/or services and Defendant's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the patents-in-suit and/or any related patents or patent applications.

73.     Defendant is estopped from asserting any interpretation of the claims of the '913 Patent that would cover any of SAP's products and/or services and Defendant's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the patents-in-suit and/or any related patents or patent applications.

**NINTH DEFENSE**

**(LIMITATIONS ON DAMAGES AND COSTS)**

74.     Defendant failed to provide adequate notice to SAP of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Texas complaint.  Defendant cannot prove that this is an exceptional case justifying award of attorney fees against SAP pursuant to 35 U.S.C. § 285.

**TENTH DEFENSE**

**(EQUITABLE DEFENSES)**

75.     Defendant is barred in whole or in part under principles of equity, including laches, waiver, estoppels, patent misuse and/or unclean hands.

76.     Yadav-Ranjan is the sole person named as the inventor of the Asserted Patents and the founder, owner, and sole employee of, and maintains complete control over, Purple Leaf Texas and Purple Leaf Delaware.  On information and belief, Purple Leaf Delaware and Purple Leaf Texas are alter egos of Yadav-Ranjan.  Yadav-Ranjan, on behalf of herself and Purple Leaf Texas and Purple Leaf Delaware, deliberately planned and carefully executed a scheme to defraud the USPTO and the public, including SAP, as to the ownership of the Asserted Patents.

77.     Through fraudulent, deceitful, unconscionable, and/or bad-faith conduct, Yadav-Ranjan, despite having assigned all of her right, title and interest to a third party in 2007, recorded with the USPTO a subsequent, false assignment of the '311 Patent to Defendant Purple Leaf Delaware, petitioned the USPTO to expunge the prior assignment document reflecting the true owner to whom she had assigned the '311 Patent, withdrew power of attorney from the '311 Patent's true owner's attorney, granted power of attorney in the '311 Patent to herself, and changed the correspondence address on file with the USPTO for the '311 Patent to her own home address.  Ms. Yadav-Ranjan's acts, on her own behalf, and on behalf of Purple Leaf Delaware, resulted in fraudulent chains of title for the Asserted Patents.

78.     In an attempt to justify her actions, Ms. Yadav-Ranjan perjured herself before a California court by submitting as an attachment to a declaration a forgery that purported

to evidence a good-faith basis for her belief that she owned the Asserted Patents when she represented such ownership to the USPTO and to the public.  Ms. Yadav-Ranjan's perjury is itself an act of deceit and evidences the deceitfulness of her prior actions with respect to the Asserted Patents' chains of title.  On the basis of the resulting fraudulent chains of title, Ms. Yadav-Ranjan, through Purple Leaf Texas, asserted the '311 Patent against several entities, including SAP, without actually owning the '311 Patent.

***Defendant Yadav-Ranjan Assigned the '311 Patent and the '913 Patent to Navigator in 2007***

79.     The patent application that issued as the '311 Patent was filed with the USPTO on November 25, 2000 as Application No. 09/721,728, naming Defendant Yadav-Ranjan as the sole inventor.

80.      On or about September 15, 2002, Defendant Yadav-Ranjan founded Navigator Technology, Inc, (f/k/a Construction Navigator Inc.), a corporation that purports to provide information about professional licensing for contractors in the United States.  Navigator Technology, Inc. was originally formed under the laws of the State of Delaware as Construction Navigator, Inc.  On or about May 6, 2009, Defendant Yadav-Ranjan signed and delivered or caused to be delivered to the Delaware Secretary of State a Certificate of Amendment to the Amended and Restated Certificate of Incorporation of Construction Navigator Inc. (the "Certificate of Amendment"), which changed the name of Construction Navigator, Inc. to Navigator Technology, Inc.[3]

81.     Beginning in approximately June of 2007, Defendant Yadav-Ranjan approached potential investors about investing in Navigator.

82.     On or about September 18, 2007, to induce investments in Navigator, Defendant Yadav-Ranjan entered into an Intellectual Property Assignment Agreement (the "2007 Assignment Agreement") with Navigator through which Defendant Yadav-Ranjan agreed to assign all right, title, and interest to her intellectual property, including the '311 Patent and all continuations thereof, to Navigator.

---

[3] Unless otherwise specified, Navigator Technology, Inc. and Construction Navigator, Inc. are herein referred to as "Navigator."

83.     On October 8, 2009, a continuation application was filed claiming priority to the application that ultimately issued as the '311 Patent, which was assigned serial no. 12/576,147 (the "'913 Application")[4] and which ultimately issued as the '913 Patent on September 27, 2011.  As a continuation application, the right to file and all rights in the '913 Application were transferred to, and belonged to, Navigator pursuant to the 2007 Assignment Agreement as of September 18, 2007.

84.     On or around September 24, 2007, Defendant Yadav-Ranjan and Navigator entered into an At Will Employment, Confidential Information, Invention Assignment, And Arbitration Agreement ("2007 Employment Agreement").

85.     Defendant Yadav-Ranjan represented in the Employment Agreement that she "attached hereto as Exhibit A, a list describing all inventions . . . which were made by me prior to my employment with the Company, which belong to me, which relate to the Company's proposed business, products or research and development, and which are not assigned to the Company hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions."  Defendant Yadav-Ranjan did not list *any* intellectual property in Exhibit A, thereby representing that there were no such Prior Inventions.

86.     On or about September 28, 2007, Navigator entered into a Series A Preferred Stock Financing Agreement for the sale of 3,750,000 shares of Series A Preferred Stock (the "Financing Agreement").  The Financing Agreement was signed by Defendant Yadav-Ranjan on behalf of Navigator.

87.     The Financing Agreement provides that, as a condition to closing the Series A Financing Agreement, Navigator and Defendant Yadav-Ranjan shall have executed the 2007 Assignment Agreement.

88.     The Financing Agreement also provides "No employee, officer or consultant of [Navigator] has (i) excluded works or inventions made prior to his or her employment with [Navigator] from his or her assignment of inventions pursuant to such

---

[4] For simplicity, we refer to Application Serial No. 12/576,147, issued as Patent No. 8,027,913 on September 27, 2011, as the "'913 Application."

1    employee, officer or consultant's proprietary information and inventions agreement or (ii) failed

2    to affirmatively indicate in such proprietary information and inventions agreement that no such

3    works or inventions made prior to his or her employment with [Navigator] exist."

4    ***Yadav-Ranjan Fraudulently Assigned the '311 Patent and the '913 Application to Purple Leaf***

5    ***Delaware Despite Having Already Assigned Them to Navigator***

6         89.    Defendant Yadav-Ranjan was the President and Chief Executive Officer of

7    Navigator from its formation on September 15, 2002 until her resignation on October 30, 2009.

8         90.    In April 2010, Navigator's Board of Directors learned that Defendant

9    Yadav-Ranjan, while serving as Chairperson of the Board of Directors of Navigator, instructed

10   contractors and former employees to reformat their hard drives and otherwise alter or destroy

11   Navigator's assets.

12        91.    Subsequently, on information and belief, Navigator's Board of Directors

13   noticed a meeting of the Board for April 8, 2010.

14        92.    At the April 8, 2010 Board meeting, on information and belief, the Board

15   removed Yadav-Ranjan as Chairperson of the Board and as an officer of Navigator.

16        93.    On information and belief, just prior to when Navigator's Board removed

17   Defendant Yadav-Ranjan as an officer of Navigator and in the months following her removal,

18   Defendant Yadav-Ranjan engaged in a series of actions in an attempt to effectuate the wrongful

19   transfer of the '311 Patent and the '913 Application to Purple Leaf Delaware, without permission

20   from Navigator.

21        94.    Starting on April 6, 2010, just two days prior to her removal as

22   Chairperson, Defendant Yadav-Ranjan formed or caused to be formed Purple Leaf Delaware.

23        95.    On April 15, 2010, one week after she was removed as Chairperson of

24   Navigator, Defendant Yadav-Ranjan executed an assignment purporting to assign the '311 Patent

25   and the '913 Application from herself to Purple Leaf Delaware ("2010 Assignment Agreement"),

26   despite the fact that she had previously assigned the '311 Patent and "continuations . . . thereof"

27   to Navigator in 2007. Accordingly, the 2010 Assignment Agreement was ineffective and did not

28   result in the '311 Patent or the '913 Application being assigned to Purple Leaf Delaware.

96.     In the 2010 Assignment Agreement, Defendant Yadav-Ranjan wrongfully represented that she is the "owner of the entire right, title and interest" in the '311 Patent and the '913 Application.

97.     Defendant Yadav-Ranjan further wrongfully represented in the 2010 Assignment Agreement that she had not "knowingly conveyed to others any rights in said inventions, discoveries, applications or patents or any license to use the same or to make, use or sell anything embodying or utilizing any of said inventions or discoveries and that I have good right to assign the same to Assignee without encumbrance."

98.     On or around July 30, 2010, Petro Estakhri, Navigator's Chairman of the Board, directly and derivatively on behalf of Navigator, brought an action against Defendants Yadav-Ranjan and Purple Leaf Delaware in the Superior Court of California, County of Santa Clara.  The complaint asserts several causes of action, including but not limited to, conversion of the '311 Patent.  The case subsequently settled, and, in exchange for $900,000, Navigator transferred the '311 Patent and the '913 Patent to Defendant Purple Leaf Delaware, effective June 16, 2011.

### Defendant Yadav-Ranjan Falsified the Asserted Patents' Public Chains of Title

99.     Beginning in July 2010, Defendant Yadav-Ranjan took several steps to try to record her wrongful assignments with the USPTO to establish fraudulent chains of title for the Asserted Patents in the public record and to prevent the true owner, Navigator, from taking any further action with respect to their '311 Patent and the '913 Application.

100.    On July 12, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed with the USPTO the wrongful and ineffective 2010 Assignment Agreement, which purported to assign the '311 Patent and the '913 Application from Defendant Yadav-Ranjan to Purple Leaf Delaware, which was recorded at reel 024662, frame 0677.

101.    On July 29, 2010, Navigator filed with the USPTO the 2007 Assignment Agreement, by which Defendant Yadav-Ranjan had previously assigned the '311 Patent and all "continuations thereof" to Navigator.  The 2007 Assignment Agreement was recorded at reel 024741, frame 0843.

102.     On August 3, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to revoke the power of attorney of Navigator's counsel with respect to the '311 Patent and grant power of attorney to Defendant Yadav-Ranjan ("Power of Attorney Request").

103.     The Power of Attorney Request, which is signed by Defendant Yadav-Ranjan, contains false statements, including that Defendant Yadav-Ranjan owned the '311 Patent, despite the fact that she had already assigned the patent to Navigator in 2007 and had purported to again assign the patent to Purple Leaf Delaware in 2010.

104.     On August 19, 2010, without authorization from Navigator, Defendant Yadav-Ranjan filed or caused to be filed a request with the USPTO to revoke the power of attorney of Navigator's counsel with respect to the '913 Application and grant power of attorney to Clark Jablon at the firm of Panitch Schwarze Belisario & Nadel LLP.

105.     On information and belief, on August 9, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to change the correspondence address associated with the prosecution of the '311 Patent from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San Jose, California ("'311 Change of Correspondence Request").

106.     On information and belief, on August 9, 2010, without authorization from Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to change the correspondence address associated with the prosecution of the '913 Application from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San Jose, California ("'913 Change of Correspondence Request" and together with the '311 Change of Correspondence Request, the "Change of Correspondence Requests").

107.     The form used for the Change of Correspondence Requests states that "signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required" to change the correspondence address.

108.     Despite the fact that she had already assigned the patent to Navigator in 2007 and had purported to assign the patent to Purple Leaf Delaware in April 2010, Defendant

Yadav-Ranjan signed the '311 Change of Correspondence Request alone, representing to the USPTO and to the public that she owned the entire interest in the '311 Patent.

109.    Despite the fact that she had already assigned all continuations of the '311 Patent (including the '913 Application) to Navigator in 2007 and had purported to assign the '913 Application to Purple Leaf Delaware in April 2010, Defendant Yadav-Ranjan signed the '913 Change of Correspondence Request alone, representing to the USPTO and to the public that she owned the entire interest in the '913 Application.

110.    In September 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed with the USPTO a Petition to Expunge the recording of the 2007 Assignment Agreement of the '311 Patent and the '913 Application to Navigator ("Petition to Expunge"), which was recorded at reel 025137, frame 0450.

111.    In the Petition to Expunge, Defendant Yadav-Ranjan declared that "all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon."

112.    Despite attesting to the veracity of her statements in the Petition to Expunge, Defendant Yadav-Ranjan made several false statements to the USPTO with the intent to deceive the USPTO and the public, including *inter alia*:

  a.  On information and belief, Defendant Yadav-Ranjan falsely declared with the intent to deceive the USPTO and the public that the '311 Patent and the '913 Application "remained unassigned until April 15, 2010."

  b.  On information and belief, Defendant Yadav-Ranjan falsely declared with the intent to deceive the USPTO and the public that attorney "Timothy W. Lohse wrongfully, and without privilege, caused to be recorded an incomplete and misleading copy of the 2007 Assignment Agreement to the USPTO."

1      c.  On information and belief, although Defendant Yadav-Ranjan was aware that Mr.

2          Lohse was retained by Navigator to provide advice on intellectual property issues,

3          including prosecution of the patent application which issued as the '311 Patent and

4          the '913 Application, she falsely declared with the intent to deceive the USPTO

5          and the public that she, in her individual capacity, had retained Mr. Lohse.

6      d.  On information and belief, Defendant Yadav-Ranjan falsely declared with the

7          intent to deceive the USPTO and the public that the 2007 Assignment Agreement

8          contained errors and should not have listed the '311 Patent as assigned to

9          Navigator.

10     e.  On information and belief, Defendant Yadav-Ranjan falsely declared with the

11         intent to deceive the USPTO and the public that "[t]he copy of the [2007]

12         Assignment Agreement also shows the name of the company to be 'Construction

13         Navigator, Inc' [ ] not the purported assignee name of 'Navigator Technology, Inc'

14         [ ] further highlighting the obvious errors."  Defendant Yadav-Ranjan purposely

15         concealed from the USPTO and the public the fact that prior to 2009, Navigator

16         Technology was called Construction Navigator, Inc.  In addition, on information

17         and belief, Defendant Yadav-Ranjan was aware that her statement to the USPTO

18         was false, having signed a Certificate of Amendment that changed the name of the

19         company from Construction Navigator, Inc to Navigator Technology on or around

20         May 6, 2009.

21         113.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

22 Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

23 Purple Leaf Delaware's counsel ("'311 Request for Power of Attorney").  The request, signed by

24 Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO and the public that

25 Purple Leaf Delaware is the assignee of the '311 Patent.

26         114.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

27 Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

28 Purple Leaf Delaware's counsel ("'913 Request for Power of Attorney").  The request, signed by

1   Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO and the public that

2   Purple Leaf Delaware is the assignee of the '913 Application.

3          115.    On December 29, 2010, the USPTO denied Defendants Yadav-Ranjan and

4   Purple Leaf Delaware's '311 Request for Power of Attorney for failing to file a statement under

5   37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

6   interest in the '311 Patent.

7          116.    On January 3, 2011, the USPTO denied Defendants Yadav-Ranjan and

8   Purple Leaf Delaware's '913 Request for Power of Attorney for failing to file a statement under

9   37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

10  interest in the '913 Application.

11         117.    Subsequently, on January 5, 2011, Defendants Yadav-Ranjan and Purple

12  Leaf Delaware filed or caused to be filed a second request to grant power of attorney to Purple

13  Leaf Delaware's counsel along with a false statement with the intent to deceive the USPTO and

14  from the public that Purple Leaf Delaware was the assignee of the entire, right, title, and interest

15  in the '311 Patent.

16         118.    Also on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf

17  Delaware filed or caused to be filed a second request to grant power of attorney to Purple Leaf

18  Delaware's counsel along with a false statement with the intent to deceive the USPTO and the

19  public that Purple Leaf Delaware was the assignee of the entire, right, title, and interest in the

20  '913 Application.

21  ***Defendants' Conduct with Respect to the Asserted Patents' Chains of Title Was Fraudulent,***

22  ***Deceitful, Unconscionable and/or Made in Bad Faith***

23         119.    When Defendant Yadav-Ranjan began her fraudulent scheme in 2010 to

24  attempt to take back the ownership of the '311 Patent and the '913 Application, Defendant

25  Yadav-Ranjan knew that she had assigned all of her right, title and interest in the '311 Patent and

26  the '913 Application to Navigator Technology, Inc. in 2007, but nonetheless made her fraudulent

27  representations to the USPTO and to the public as if she had never assigned the '311 Patent and

28  the '913 Application.  Defendant Yadav-Ranjan's fraud, deceit, unconscionability, and bad faith

1    in her representations of ownership to the USPTO in 2010 and 2011 are shown by at least the

2    following evidence of her acknowledgement of Navigator as the true owner of the '311 Patent

3    and the '913 Application:

4        a.   In a July 31, 2007 e-mail, Defendant Yadav-Ranjan wrote to the attorney handling

5               general corporate matters for Navigator and stated "[j]ust assign all the IP to CNi

6               [Construction Navigator, Inc.]"

7        b.   On September 5, 2007, "angry" that a Navigator investor required Defendant

8               Yadav-Ranjan forgive her $60,000 loan to Navigator as a condition to him

9               investing in the Series A Financing, Defendant Yadav-Ranjan wrote to the

10              attorney handling general corporate matters for Navigator and stated "More

11              important than that is the fact that I am attaching the e-commerce patent, which is

12              loosely valued at over $100M!"

13       c.   From July 28, 2007, when Defendant Yadav-Ranjan stated she instructed

14              Navigator's counsel to remove references to the '311 Patent from the draft 2007

15              Assignment Agreement, to September 18, 2007, when she executed the 2007

16              Assignment Agreement, Defendant Yadav-Ranjan was copied on two e-mails,

17              dated August 21, 2007 and September 8, 2007, which included drafts of the 2007

18              Assignment Agreement listing the '311 Patent on Schedule B.

19       d.   After an unfavorable CEO review on September 24, 2009, Defendant Yadav-

20              Ranjan considered resigning her position as CEO.  On condition of her returning to

21              the position of CEO, Defendant Yadav-Ranjan demanded compensation that

22              included, among other things: "The Company must assign that certain patent of the

23              Company regarding 'Process and Device for Conducting Electronic Transactions

24              (991100)', 09[/]721,728, to Ms. Yadav-Ranjan."

25       e.   In an October 2009 e-mail to Navigator investors, Defendant Yadav-Ranjan stated,

26              "having received a bias [sic], employment review filled with untruths I resigned

27              my position of CEO.  Petro asked for terms under which I would consider

28              continuing to run the company while also raising venture money, sales and cto

1    responsibilities.  Understanding the financial position of the company, the only

2    reasonable compensation was equity and reassignment of my first patent which has

3    nothing to do with the technology of the company."

4        f.   In her February 1, 2011 declaration before the court in the Santa Clara Action,

5    Defendant Yadav-Ranjan falsely altered and attached as an exhibit a copy of a July

6    28, 2007 e-mail with an 11:42 AM timestamp by inserting a fabricated notation in

7    an attempt to convince the court that she had instructed Navigator's attorneys to

8    remove the '311 Patent from the schedule of property that was to be transferred to

9    Navigator, when in fact a true and correct copy of that email, subsequently

10   submitted by declaration of her adversary in that case, shows that no such notation

11   to remove the '311 Patent was made in that specific email.

12   ***Defendants Attempted to Enforce The '311 Patent Against SAP and Others***

13   ***Based on The '311 Patent's Fraudulent Chain of Title***

14       120.   On May 31, 2011, Defendant Yadav-Ranjan, through Defendant Purple

15   Leaf Texas, filed a complaint in the Eastern District of Texas, case no. 6:11-cv-00279-LED,

16   alleging that American Express Company, Citigroup, Inc., Fiserv, Inc., JP Morgan Chase & Co.,

17   PNC Bank, N.A., and SAP had infringed and continue to infringe the '311 Patent (the "Texas

18   Action").  SAP was served in the Texas Action on September 30, 2011.

19       121.   On May 31, 2011, when Purple Leaf Texas commenced the Texas Action,

20   Navigator still owned the entire right, title and interest in the '311 Patent because the Settlement

21   Agreement and Mutual Release and the Quitclaim Assignment assigning the '311 Patent from

22   Navigator to Purple Leaf Delaware was not effective until at least June 16, 2011, and thus, on

23   May 26, 2011 when Purple Leaf Delaware purported to assign the '311 Patent to Purple Leaf

24   Texas, it did not have any rights to the '311 Patent to assign.

25       122.   Yadav-Ranjan, through Purple Leaf Texas, alleged in the Texas Action

26   complaint that Purple Leaf Texas is the owner of all rights, title and interest to United States

27   Patent No. 7,603,311.  Purple Leaf Texas's claim of ownership in that complaint was supported

28   by public documents that Yadav-Ranjan had falsified through the fraudulent, deceitful,

1   unconscionable and bad-faith actions described above.  In particular, Purple Leaf Texas's

2   ownership claim was ostensibly supported by the publicly-available, fraudulent chain of title that

3   Ms. Yadav-Ranjan had established at the USPTO and Ms. Yadav-Ranjan's publicly available

4   February 1, 2011 declaration in the Santa Clara Action purporting to show, in a forged email

5   attached thereto, that Ms. Yadav-Ranjan had never intended to assign the Asserted Patents to

6   Navigator.

7        123.   Defendants have refused to produce in this Action documents relating to

8   the authenticity of Ms. Yadav-Ranjan's February 1, 2011 declaration and exhibits, furthering

9   before this Court Ms. Yadav-Ranjan's concealment of the fraud, deceit, unconscionability and

10  bad faith of her actions before the USPTO, the Santa Clara court and against the public interest.

11       124.   Yadav-Ranjan's attempt, through Purple Leaf Texas, to enforce the '311

12  Patent in the Texas Action with knowledge that Purple Leaf Texas lacked ownership, the

13  fraudulent chains of title for the Asserted Patents she recorded with the USPTO, and her false

14  declaration in the Santa Clara Action attesting to the authenticity of the forged email attached

15  thereto and relating to the ownership of the Asserted Patents were fraudulent, deceitful,

16  unconscionable and bad-faith actions, taken against the public interest, against the USPTO and/or

17  against the public, including SAP, and relate directly to the infringement claims Purple Leaf

18  Delaware now asserts against SAP.

19       125.   The '913 Patent is a continuation of the '311 Patent, shares a common

20  specification with the '311 Patent, is directed to the same technology and has a necessary and

21  direct relation to the '311 Patent.  For example, claim 1 of the '913 Patent has similar limitations

22  to claim 1 of the '311 Patent, as shown below (underlining denoting text unique to claim 1 of the

23  '913 Patent and brackets indicating text unique to claim 1 of the '311 Patent):

24       1. An article of manufacture [A method] for conducting a transaction [using a
           medium] based on a receipt having payment remittance information, the article of
25         manufacture comprising a non-transitory computer-readable medium encoded with
           computer-executable instructions for execution by a processor to perform the steps
26         of:
           enabling a payor to authorize a payment due on the receipt to a payee;
27         associating[, using a processor,] the payment with the payment remittance

28

information;

communicating[, using a processor,] the payment remittance information directly to the payee to initiate payment of the amount; and

wherein the payment remittance information is arranged within a data structure, the data structure comprising one or more data fields to hold data that the payor can enter, and the payment remittance information further comprises a structured remittance data that is kept hidden from the payee.

126.    Defendants, including Purple Leaf Delaware, are thus barred from asserting the '311 Patent and the '913 Patent, from collecting damages thereunder, and/or from obtaining any other form of relief relating thereto under the equitable doctrine of unclean hands.

## ELEVENTH DEFENSE

## (GOVERNMENT SALES)

127.    To the extent certain products accused of infringing the '311 Patent are used by and/or manufactured for the United States Government, Defendant's claims against SAP with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

128.    To the extent certain products accused of infringing the '913 Patent are used by and/or manufactured for the United States Government, Defendant's claims against SAP with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## TWELVETH DEFENSE

## (LICENSE, EXHAUSTION, AND IMPLIED LICENSE)

129.    Defendant is, in whole or in part, barred from asserting the '311 Patent, from collecting damages thereunder, and/or from obtaining any other form of relief because of license, exhaustion, and/or implied license.

130.    Defendant is, in whole or in part, barred from asserting the '913 Patent, from collecting damages thereunder, and/or from obtaining any other form of relief because of license, exhaustion, and/or implied license.

**THIRTEENTH DEFENSE**

**(ADEQUATE REMEDY AT LAW)**

131.    Defendant is not entitled to injunctive relief because any alleged injury to Defendant is not immediate or irreparable and Defendant has an adequate remedy at law.

**ADDITIONAL DEFENSES RESERVED**

**(RESERVATION OF ADDITIONAL DEFENSES)**

132.    SAP reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

**COUNTERCLAIMS**

Without waiver of any of its rights, including the right to seek dismissal of Defendant Purple Leaf Delaware's counterclaims, SAP, by and through its undersigned counsel, and by way of Counterclaims against Defendant Purple Leaf Delaware, alleges:

**I.      NATURE OF THE ACTION**

1.      This is an action by plaintiff SAP pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declarations of unenforceability of U.S. Patent 7,603,311 B1 (the "'311 Patent") and U.S. Patent No. 8,027,913 B1 (the "'913 Patent").

**II.     PARTIES**

2.      Plaintiff SAP is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.

3.      Defendant Purple Leaf Delaware is a limited liability company organized and existing under the laws of Delaware with a business address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  On information and belief, Defendant Purple Leaf Delaware is solely managed, operated, and was founded by Rani Yadav-Ranjan of San Jose, California.

**III.    JURISDICTION AND VENUE**

4.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      Defendant Purple Leaf Delaware has counterclaimed against SAP for patent infringement of the '311 and '913 Patents.  SAP denies infringement and denies that the patents are valid or enforceable.  There is therefore a substantial, actual, and continuing controversy between Defendant Purple Leaf Delaware and SAP as to the enforceability of the '311 and '913 Patents.

7.      Defendant Purple Leaf Delaware has consented to personal jurisdiction by, *inter alia*, appearing and answering the complaint in this action.

**FIRST COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 7,603,311 B1)**

8.      SAP alleges and incorporates by reference the allegations of Paragraphs 1– 7 of these Counterclaims as though fully set forth herein.

9.      The claims of the '311 Patent are unenforceable due to Defendant Yadav-Ranjan's and Defendant Purple Leaf's inequitable conduct.

10.      Defendant Yadav-Ranjan is the sole person named as inventor of the '311 Patent and the founder, sole owner, and sole employee of Defendant Purple Leaf Delaware. Defendant Yadav-Ranjan deliberately planned and carefully executed a scheme to defraud the United States Patent and Trademark Office ("USPTO") as to the ownership of the '311 Patent. Through numerous acts of affirmative egregious misconduct, Defendant Yadav-Ranjan, despite having assigned all of her right, title and interest to a third party in 2007, recorded with the USPTO a subsequent, false assignment of the '311 Patent to Defendant Purple Leaf Delaware, petitioned the USPTO to expunge the prior assignment document reflecting the true owner to whom she had assigned the '311 Patent, withdrew power of attorney from the '311 Patent's true owner's attorney, granted power of attorney in the '311 Patent to herself, and changed the correspondence address on file with the USPTO for the '311 Patent to her own home address.

*Defendant Yadav-Ranjan Assigned the '311 Patent and the '913 Patent to Navigator in 2007*

11.      The patent application that issued as the '311 Patent was filed with the USPTO on November 25, 2000 as Application No. 09/721,728, naming Defendant Yadav-Ranjan as the sole inventor.

12.      On or about September 15, 2002, Defendant Yadav-Ranjan founded Navigator Technology, Inc, (f/k/a Construction Navigator Inc.), a corporation that purports to provide information about professional licensing for contractors in the United States.  Navigator Technology, Inc. was originally formed under the laws of the State of Delaware as Construction Navigator, Inc.  On or about May 6, 2009, Defendant Yadav-Ranjan signed and delivered or caused to be delivered to the Delaware Secretary of State a Certificate of Amendment to the Amended and Restated Certificate of Incorporation of Construction Navigator Inc. (the "Certificate of Amendment"), which changed the name of Construction Navigator, Inc to Navigator Technology, Inc.[5]

13.      Beginning in approximately June of 2007, Defendant Yadav-Ranjan approached potential investors about investing in Navigator.

14.      On or about September 18, 2007, to induce investments in Navigator, Defendant Yadav-Ranjan entered into an Intellectual Property Assignment Agreement (the "2007 Assignment Agreement") with Navigator through which Defendant Yadav-Ranjan agreed to assign all right, title, and interest to her intellectual property, including the '311 Patent and all continuations thereof, to Navigator.

15.      On October 8, 2009, a continuation application was filed claiming priority to the application that ultimately issued as the '311 Patent, which was assigned serial no. 12/576,147 (the "'913 Application")[6] and which ultimately issued as the '913 Patent on September 27, 2011.  As a continuation application, the right to file, and all rights in, the '913 Application were transferred to, and belonged to, Navigator pursuant to the 2007 Assignment

---

[5] Unless otherwise specified, Navigator Technology, Inc. and Construction Navigator, Inc. are herein referred to as "Navigator."

[6] For simplicity, we refer to Application Serial No. 12/576,147, issued as Patent No. 8,027,913 on September 27, 2011, as the "'913 Application."

1    Agreement as of September 18, 2007.

2           16.    On or around September 24, 2007, Defendant Yadav-Ranjan and Navigator

3    entered into an At Will Employment, Confidential Information, Invention Assignment, And

4    Arbitration Agreement ("2007 Employment Agreement").

5           17.    Defendant Yadav-Ranjan represented in the Employment Agreement that

6    she "attached hereto as Exhibit A, a list describing all inventions . . . which were made by me

7    prior to my employment with the Company, which belong to me, which relate to the Company's

8    proposed business, products or research and development, and which are not assigned to the

9    Company hereunder; or, if no such list is attached, I represent that there are no such Prior

10   Inventions."  Defendant Yadav-Ranjan did not list *any* intellectual property in Exhibit A, thereby

11   representing that there were no such Prior Inventions.

12          18.    On or about September 28, 2007, Navigator entered into a Series A

13   Preferred Stock Financing Agreement for the sale of 3,750,000 shares of Series A Preferred Stock

14   (the "Financing Agreement").  The Financing Agreement was signed by Defendant Yadav-

15   Ranjan on behalf of Navigator.

16          19.    The Financing Agreement provides that, as a condition to closing the

17   Series A Financing Agreement, Navigator and Defendant Yadav-Ranjan shall have executed the

18   2007 Assignment Agreement.

19          20.    The Financing Agreement also provides "No employee, officer or

20   consultant of [Navigator] has (i) excluded works or inventions made prior to his or her

21   employment with [Navigator] from his or her assignment of inventions pursuant to such

22   employee, officer or consultant's proprietary information and inventions agreement or (ii) failed

23   to affirmatively indicate in such proprietary information and inventions agreement that no such

24   works or inventions made prior to his or her employment with [Navigator] exist."

25            ***Yadav-Ranjan Fraudulently Assigned the '311 Patent and the '913 Application to***

26            ***Purple Leaf Delaware Despite Having Already Assigned Them to Navigator***

27          21.    Defendant Yadav-Ranjan was the President and Chief Executive Officer of

28   Navigator from its formation on September 15, 2002 until her resignation on October 30, 2009.

22.     Publically available documents from *Estakhri v. Yadav-Ranjan and Purple Leaf, LLC*, Case No. 1–10–CV–178576, in the Superior Court of California, County of Santa Clara, (the "Santa Clara Action") Dkt. No. 1, allege that, in April 2010, Navigator's Board of Directors learned that Defendant Yadav-Ranjan, while serving as Chairperson of the Board of Directors of Navigator, instructed contractors and former employees to reformat their hard drives and otherwise alter or destroy Navigator's assets.

23.     Subsequently, on information and belief, Navigator's Board of Directors noticed a meeting of the Board for April 8, 2010.

24.     At the April 8, 2010 Board meeting, on information and belief, the Board removed Yadav-Ranjan as Chairperson of the Board and as an officer of Navigator.

25.     On information and belief, just prior to when Navigator's Board removed Defendant Yadav-Ranjan as an officer of Navigator and in the months following her removal, Defendant Yadav-Ranjan engaged a series of actions in an attempt to effectuate the wrongful transfer of the '311 Patent and the '913 Application to Purple Leaf Delaware, without permission from Navigator.

26.     Starting on April 6, 2010, just two days prior to her removal as Chairperson, Defendant Yadav-Ranjan formed or caused to be formed Purple Leaf Delaware.

27.     On April 15, 2010, one week after she was removed as Chairperson of Navigator, Defendant Yadav-Ranjan executed an assignment purporting to assign the '311 Patent and the '913 Application from herself to Purple Leaf Delaware ("2010 Assignment Agreement"), despite the fact that she had previously assigned the '311 Patent and "continuations . . . thereof" to Navigator in 2007.  Accordingly, the 2010 Assignment Agreement was ineffective and did not result in the '311 Patent or the '913 Application being assigned to Purple Leaf Delaware.

28.     In the 2010 Assignment Agreement, Defendant Yadav-Ranjan wrongfully represented that she is the "owner of the entire right, title and interest" in the '311 Patent and the '913 Application.

29.     Defendant Yadav-Ranjan further wrongfully represented in the 2010 Assignment Agreement that she had not "knowingly conveyed to others any rights in said

1   inventions, discoveries, applications or patents or any license to use the same or to make, use or

2   sell anything embodying or utilizing any of said inventions or discoveries and that I have good

3   right to assign the same to Assignee without encumbrance."

4       30.   Moreover, notwithstanding all of the other defects surrounding the 2010

5   Assignment Agreement, Defendant Yadav-Ranjan did not expressly transfer to Purple Leaf

6   Delaware the right to sue for past infringement of the '311 Patent.

7       31.   On or around July 30, 2010, Petro Estakhri, Navigator's Chairman of the

8   Board, directly and derivatively on behalf of Navigator, brought an action against Defendants

9   Yadav-Ranjan and Purple Leaf Delaware in the Superior Court of California, County of Santa

10  Clara.  The complaint asserts several causes of action, including but not limited to, conversion of

11  the '311 Patent.  The case subsequently settled, and, in exchange for $900,000, Navigator

12  transferred the '311 Patent and the '913 Patent to Defendant Purple Leaf Delaware, effective June

13  16, 2011.

14           *Defendant Yadav-Ranjan Lied to the USPTO to Falsify the*

15              *Assignment Records for the Asserted Patents*

16      32.   Beginning in July 2010, Defendant Yadav-Ranjan took several steps to try

17  to record her wrongful assignments with the USPTO and to prevent Navigator from taking any

18  further action with respect to the '311 Patent and the '913 Application.

19      33.   On July 12, 2010, Defendants Yadav-Ranjan and Purple Leaf Delaware

20  filed or caused to be filed with the USPTO the wrongful and ineffective 2010 Assignment

21  Agreement, which purported to assign the '311 Patent and the '913 Application from Defendant

22  Yadav-Ranjan to Purple Leaf Delaware, which was recorded at reel 024662, frame 0677.

23      34.   On July 29, 2010, Navigator filed the 2007 Assignment Agreement with

24  the USPTO, by which Defendant Yadav-Ranjan assigned the '311 Patent and all "continuations

25  thereof" to Navigator.  The 2007 Assignment Agreement was recorded at reel 024741, frame

26  0843.

27      35.   On August 3, 2010, without authorization from Navigator, Defendants

28  Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a request with the USPTO to

1    revoke the power of attorney of Navigator's counsel with respect to the '311 Patent and grant

2    power of attorney to Defendant Yadav-Ranjan ("Power of Attorney Request").

3            36.    The Power of Attorney Request, which is signed by Defendant Yadav-

4    Ranjan, contains false statements, including that Defendant Yadav-Ranjan owned the '311 Patent,

5    despite the facts that she had already assigned the patent to Navigator in 2007 and had purported

6    to again assign the patent to Purple Leaf Delaware in 2010.

7            37.    On information and belief, on August 9, 2010, without authorization from

8    Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a

9    request with the USPTO to change the correspondence address associated with the prosecution of

10   the '311 Patent from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in San

11   Jose, California ("'311 Change of Correspondence Request").

12           38.    On information and belief, on August 9, 2010, without authorization from

13   Navigator, Defendants Yadav-Ranjan and Purple Leaf Delaware filed or caused to be filed a

14   request with the USPTO to change the correspondence address associated with the prosecution of

15   the '913 Application from Navigator's patent counsel to Defendant Yadav-Ranjan's residence in

16   San Jose, California ("'913 Change of Correspondence Request" and together with the '311

17   Change of Correspondence Request, the "Change of Correspondence Requests").

18           39.    The form used for the Change of Correspondence Requests states that

19   "signatures of all the inventors or assignees of record of the entire interest or their

20   representative(s) are required" to change the correspondence address.

21           40.    Despite the fact that she had already assigned the patent to Navigator in

22   2007 and had purported to assign the patent to Purple Leaf Delaware in April 2010, Defendant

23   Yadav-Ranjan signed the '311 Change of Correspondence Request alone, representing to the

24   USPTO that she owned the entire interest of the '311 Patent.

25           41.    Despite the fact that she had already assigned all continuations of the '311

26   Patent (including the '913 Application) to Navigator in 2007 and had purported to assign the '913

27   Application to Purple Leaf Delaware in April 2010, Defendant Yadav-Ranjan signed the '913

28   Change of Correspondence Request alone, representing to the USPTO that she owned the entire

1   interest of the '913 Application.

2         42.    On September 29, 2010, Defendants Yadav-Ranjan and Purple Leaf

3   Delaware filed or caused to be filed with the USPTO a Petition to Expunge the recording of the

4   2007 Assignment Agreement of the '311 Patent and the '913 Application to Navigator ("Petition

5   to Expunge"), which was recorded at reel 025137, frame 0450.

6         43.    In the Petition to Expunge, Defendant Yadav-Ranjan declared that "all

7   statements made herein of my own knowledge are true and that all statements made on

8   information and belief are believed to be true; and further that these statements were made with

9   the knowledge that willful false statements and the like so made are punishable by fine or

10   imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such

11   willful false statements may jeopardize the validity of the application or any patent issuing

12   thereon."

13         44.    Despite attesting to the veracity of her statements in the Petition to

14   Expunge, Defendant Yadav-Ranjan made several false statements to the USPTO with the intent

15   to deceive the USPTO, including *inter alia*:

16       a.   On information and belief, Defendant Yadav-Ranjan falsely declared with the

17           intent to deceive the USPTO that the '311 Patent and the '913 Application

18           "remained unassigned until April 15, 2010."

19       b.   On information and belief, Defendant Yadav-Ranjan falsely declared with the

20           intent to deceive the USPTO that attorney "Timothy W. Lohse wrongfully, and

21           without privilege, caused to be recorded an incomplete and misleading copy of the

22           2007 Assignment Agreement to the USPTO."

23       c.   On information and belief, although Defendant Yadav-Ranjan was aware that Mr.

24           Lohse was retained by Navigator to provide advice on intellectual property issues,

25           including prosecution of the patent application which issued as the '311 Patent and

26           the '913 Application, she falsely declared with the intent to deceive the USPTO

27           that she had retained Mr. Lohse in her individual capacity.

28       d.   On information and belief, Defendant Yadav-Ranjan falsely declared with the

1          intent to deceive the USPTO that the 2007 Assignment Agreement contained

2          errors and should not have listed the '311 Patent as assigned to Navigator.

3      e.   On information and belief, Defendant Yadav-Ranjan falsely declared with the

4          intent to deceive the USPTO that "[t]he copy of the [2007] Assignment Agreement

5          also shows the name of the company to be 'Construction Navigator, Inc' [ ] not the

6          purported assignee name of 'Navigator Technology, Inc' [ ] further highlighting

7          the obvious errors."  Defendant Yadav-Ranjan purposely concealed from the

8          USPTO the fact that prior to 2009, Navigator Technology was called Construction

9          Navigator, Inc.  In addition, on information and belief, Defendant Yadav-Ranjan

10         was aware that her statement to the USPTO was false, having signed a Certificate

11         of Amendment that changed the name of the company from Construction

12         Navigator, Inc to Navigator Technology on or around May 6, 2009.

13       45.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

14  Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

15  Purple Leaf Delaware's counsel ("'311 Request for Power of Attorney").  The request, signed by

16  Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf

17  Delaware is the assignee of the '311 Patent.

18       46.    On December 21, 2010, Defendants Yadav-Ranjan and Purple Leaf

19  Delaware filed or caused to be filed with the USPTO a request to grant power of attorney to

20  Purple Leaf Delaware's counsel ("'913 Request for Power of Attorney").  The request, signed by

21  Defendant Yadav-Ranjan, falsely states with the intent to deceive the USPTO that Purple Leaf

22  Delaware is the assignee of the '913 Application.

23       47.    On December 29, 2010, the USPTO denied Defendants Yadav-Ranjan and

24  Purple Leaf Delaware's '311 Request for Power of Attorney for failing to file a statement under

25  37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

26  interest in the '311 Patent.

27       48.    On January 3, 2011, the USPTO denied Defendants Yadav-Ranjan and

28  Purple Leaf Delaware's '913 Request for Power of Attorney for failing to file a statement under

1  37 CFR 3.73(b) providing that Purple Leaf Delaware is the assignee of the entire, right, title, and

2  interest in the '913 Application.

3      49.    Subsequently, on January 5, 2011, Defendants Yadav-Ranjan and Purple

4  Leaf Delaware filed or caused to be filed a second request to grant power of attorney to Purple

5  Leaf Delaware's counsel along with a false statement with the intent to deceive the USPTO that

6  Purple Leaf Delaware was the assignee of the entire, right, title, and interest in the '311 Patent.

7      50.    Also on January 5, 2011, Defendants Yadav-Ranjan and Purple Leaf

8  Delaware filed or caused to be filed a second request to grant power of attorney to Purple Leaf

9  Delaware's counsel along with a false statement with the intent to deceive the USPTO that Purple

10  Leaf Delaware was the assignee of the entire, right, title, and interest in the '913 Application.

11      ***Defendants' Misrepresentations Were Made With the Intent to Deceive the USPTO***

12      51.    Defendant Yadav-Ranjan's affirmative egregious misconduct was done

13  with the intent to deceive the USPTO.  Specifically, when she began her fraudulent scheme in

14  2010 to attempt to take back ownership of the '311 Patent and '913 Patent, Defendant Yadav-

15  Ranjan knew that she had assigned all of her right, title and interest in the '311 and '913

16  Application to Navigator Technology, Inc, (f/k/a Construction Navigator Inc.) in 2007, but

17  nonetheless made her fraudulent representations to the USPTO as if she had never assigned the

18  '311 Patent and the '913 Application.  Defendant Yadav-Ranjan's intent to deceive the USPTO is

19  the single most likely inference to be drawn from her representations of ownership to the USPTO

20  in 2010 and 2011 in light of her acknowledgement of Navigator's ownership, as shown by at least

21  the following evidence:

22      a.    In a July 31, 2007 e-mail, Defendant Yadav-Ranjan wrote to the attorney handling

23      general corporate matters for Navigator and stated "[j]ust assign all the IP to CNi

24      [Construction Navigator, Inc.]"

25      b.    On September 5, 2007, "angry" that a Navigator investor required Defendant

26      Yadav-Ranjan forgive her $60,000 loan to Navigator as a condition to him

27      investing in the Series A Financing, Defendant Yadav-Ranjan wrote to the

28      attorney handling general corporate matters for Navigator and stated "More

1   important than that is the fact that I am attaching the e-commerce patent, which is

2   loosely valued at over $100M!"

3      c.  From July 28, 2007, the time period that Defendant Yadav-Ranjan stated she

4   instructed Navigator's counsel to remove references to the '311 Patent from the

5   draft 2007 Assignment Agreement, to September 18, 2007, when she executed the

6   2007 Assignment Agreement, Defendant Yadav-Ranjan was copied on two e-

7   mails, dated August 21, 2007 and September 8, 2007, which included drafts of the

8   2007 Assignment Agreement listing the '311 Patent on Schedule B.

9      d.  After an unfavorable CEO review on September 24, 2009, Defendant Yadav-

10   Ranjan considered resigning her position as CEO.  On condition of her returning to

11   the position of CEO, Defendant Yadav-Ranjan demanded compensation that

12   included, among other things: "The Company must assign that certain patent of the

13   Company regarding 'Process and Device for Conducting Electronic Transactions

14   (991100)', 09[/]721,728, to Ms. Yadav-Ranjan."

15      e.  In an October 2009 e-mail to Navigator investors, Defendant Yadav-Ranjan stated,

16   "having received a bias [sic], employment review filled with untruths I resigned

17   my position of CEO.  Petro asked for terms under which I would consider

18   continuing to run the company while also raising venture money, sales and cto

19   responsibilities.  Understanding the financial position of the company, the only

20   reasonable compensation was equity and reassignment of my first patent which has

21   nothing to do with the technology of the company."

22      f.  In her February 1, 2011 declaration before the court in the Santa Clara Action,

23   Defendant Yadav-Ranjan falsely altered and attached as an exhibit a copy of a July

24   28, 2007 e-mail with an 11:42 AM timestamp by inserting a fabricated notation in

25   an attempt to convince the court that she had instructed Navigator's attorneys to

26   remove the '311 Patent from the schedule of property that was to be transferred to

27   Navigator, when in fact a true and correct copy of that email, subsequently

28

1       submitted by declaration of her adversary in that case, shows that no such notation

2       to remove the '311 Patent was made in that specific email.

3       52.     Defendant Yadav-Ranjan's numerous false statements to the USPTO as to

4 her or Defendant Purple Leaf Delaware's purported ownership of the '311 Patent were

5 affirmative egregious misrepresentations and are therefore material.  These misrepresentations

6 were made with full knowledge that Navigator then owned the '311 Patent and with an intent to

7 deceive the USPTO.  Such intentional, egregious affirmative misconduct constitutes inequitable

8 conduct and renders the '311 Patent unenforceable.

9       53.     SAP is entitled to a declaration that the claims of the '311 Patent are

10 unenforceable.

11

## SECOND COUNTERCLAIM

12

## (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 8,027,913

13

## B1)

14       54.     SAP alleges and incorporates by reference the allegations of Paragraphs 1–

15 53 of these Counterclaims as though fully set forth herein.

16       55.     The claims of the '913 Patent are unenforceable due to Defendant Yadav-

17 Ranjan's and Defendant Purple Leaf's inequitable conduct.

18       56.     Defendant Yadav-Ranjan is the sole person named as inventor of the '913

19 Patent and the founder, sole owner, and sole employee of Defendant Purple Leaf Delaware.

20 Defendant Yadav-Ranjan deliberately planned and carefully executed a scheme to defraud the

21 USPTO as to the ownership of the '913 Patent.  Through numerous acts of affirmative egregious

22 misconduct, Defendant Yadav-Ranjan, despite having assigned all of her right, title and interest to

23 a third party in 2007, recorded with the USPTO a subsequent, false assignment of the '913 Patent

24 to Defendant Purple Leaf Delaware, petitioned the USPTO to expunge the prior assignment

25 document reflecting the true owner to whom she had assigned the '913 Patent, withdrew power of

26 attorney from the '913 Application's true owner's attorney, granted power of attorney in the '913

27 Application to herself, and changed the correspondence address on file with the USPTO for the

28 '913 Application to her own home address.

57.     Defendant Yadav-Ranjan's numerous false statements to the USPTO as to her or Defendant Purple Leaf Delaware's purported ownership of the '913 Application were affirmative egregious misrepresentations and are therefore material.  These misrepresentations were made with full knowledge that Navigator then owned the '913 Application and with an intent to deceive the USPTO.  Such intentional, egregious affirmative misconduct constitutes inequitable conduct and renders the '913 Patent unenforceable.

58.     The '913 Patent is also unenforceable under the doctrine of infectious unenforceability.  The '913 Patent is a continuation of the '311 Patent, shares a common specification with the '311 Patent, is directed to the same technology and has a necessary and direct relation to the '311 Patent.  For example, claim 1 of the '913 Patent has similar limitations to claim 1 of the '311 Patent, as shown below (underlining denoting text unique to claim 1 of the '913 Patent and brackets indicating text unique to claim 1 of the '311 Patent):

> 1. An article of manufacture [A method] for conducting a transaction [using a medium] based on a receipt having payment remittance information, the article of manufacture comprising a non-transitory computer-readable medium encoded with computer-executable instructions for execution by a processor to perform the steps of:
> enabling a payor to authorize a payment due on the receipt to a payee;
> associating[, using a processor,] the payment with the payment remittance information;
> communicating[, using a processor,] the payment remittance information directly to the payee to initiate payment of the amount; and
> wherein the payment remittance information is arranged within a data structure, the data structure comprising one or more data fields to hold data that the payor can enter, and the payment remittance information further comprises a structured remittance data that is kept hidden from the payee.

59.     SAP is entitled to a declaration that the claims of the '913 Patent are unenforceable.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

60.     As discovery in this case has not yet commenced, and as SAP continues to investigate the allegations set forth in Defendant Purple Leaf Delaware's counterclaims, SAP specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case.  As such, SAP hereby reserves the right to amend

1   its Answer and Counterclaims to Defendant Purple Leaf Delaware's Counterclaim and to assert

2   such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local

3   Rules of the United States District Court for the Northern District of California.

## PRAYER FOR RELIEF

5          WHEREFORE, in addition to the relief sought in the Complaint, SAP respectfully

6   prays for a declaration from this Court and judgment as follows:

7          1.      That each and every claim of the '311 Patent is unenforceable;

8          2.      That each and every claim of the '913 Patent is unenforceable;

9          3.      That this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling

10  SAP to an award of reasonable attorneys' fees, expenses, and costs in this action; and

11         4.      For such other and further relief as this Court deems just, reasonable, and proper.

## JURY DEMAND

13         SAP requests a trial by jury as to all issues so triable.

14  DATED:  June 20, 2012                    Respectfully submitted,

16                                           /s/ Harrison J. Frahn IV
                                             HARRISON J. FRAHN IV (SBN 206822)
                                             hfrahn@stblaw.com
17                                           GAUTAM V. KENE (SBN 264166)
                                             gkene@stblaw.com
18                                           ROXANA NIKTAB (SBN 275872)
                                             rniktab@stblaw.com
19                                           SIMPSON THACHER & BARTLETT LLP
                                             2550 Hanover Street
20                                           Palo Alto, California 94304
                                             Tel. (650) 251-5000
21                                           Fax (650) 251-5002

22                                           BRIAN P. McCLOSKEY (*pro hac vice*)
                                             bmccloskey@stblaw.com
23                                           SIMPSON THACHER & BARTLETT LLP
                                             425 Lexington Avenue
24                                           New York, New York 10017-3954
                                             Tel. (212) 455-2000
25                                           Fax (212) 455-2502

26                                           *Attorneys for Plaintiff*
                                             *SAP America, Inc.*

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3   United States District Court for the Northern District of California by using the ECF system on

4   June 20, 2012. Service on all parties will be accomplished through the ECF system at the email

5   addresses on file for counsel of record.

6

7                                               By: _____
                                                     Antonina Wong

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28